# Vann *v.* Vann, Ex'rx *et al.*

*Bill in Equity to Charge Lands Devised with Payment of Debt contracted by the Executor.*

1. *Debt contracted by executor; when imposes only a personal liability.* Under the provisions of a will directing the testator's estate to be kept together and managed by the executor until the youngest child of the testator should attain the age of twenty-one years, and authorizing the executor to transact any business pertaining to the interests of the estate without the orders of any court, the executor has no authority to contract, on the credit of the estate, for the services of a party to take charge of, and superintend the cultivation of lands belonging to the estate; and such a contract, made in 1861, only imposed a personal liability on the executor.

[Vann v. Vann, Ex'rx, et al.]

APPEAL from Russell Chancery Court.

Heard before Hon. JNO. A. FOSTER.

The bill in this cause was filed on 6th October, 1880, by Joseph Vann against the surviving executrix and the devisees of Joseph M. Vann, deceased, and the case made thereby is as follows: Joseph M. Vann departed this life in 1859, seized and possessed of a large and valuable estate, consisting in part of a plantation and slaves and other personal property, and leaving a last will and testament, in which the testator nominated Henry M. Vann, his brother, and Elizabeth Vann, his wife, as his executor and executrix, and directed that his estate should be kept together and managed by his said brother and wife, until his youngest child should arrive at the age of twenty-one years; and authorizing them to buy and sell property for the benefit of his estate, and to transact any business pertaining to the interests of the estate without any order of court; and providing further that they should not be compelled to make any return to any court of their actings and doings, the testator expressing, as a reason therefor, "full faith and confidence in their prudence and integrity." After bequeathing certain specific legacies to his wife and children, the testator directs, that when his youngest child should attain the age of twenty-one years, all his land negroes and other personal property remaining on hand should be sold and equally divided among his children. The will was duly probated, and Henry M. and Elizabeth Vann were appointed the executor and executrix thereof, on 12th April, 1860, without bond. They acted jointly as such executor and executrix until 19th February, 1875, when Henry M. Vann died. Since that time the said Elizabeth has continued to act as executrix of said will. In and during the year 1861, the complainant, under a contract with said executor and executrix, took charge of, and superintended the cultivation of certain lands belonging to the testator's estate, for which they agreed to pay him $250, which is averred to have been the reasonable value of his services. Of this sum no part was paid until in 1865, when the said Elizabeth Vann paid complainant $10; and in December, 1865, the said Henry M. and Elizabeth Vann, as such executor and executrix, gave to complainant their note for $240, "the amount then agreed on to be due for said services." This note not being paid, it was, on 1st December, 1872, renewed; and on the renewed note the complainant obtained judgment in the Circuit Court of Russell county, on 12th November, 1874, against the said Henry M. and Elizabeth Vann, as such executor and executrix, for the sum of $427.79, the amount then due thereon, which judgment was never paid or satisfied. The bill further avers that the estate of Henry M. Vann is insolvent, that the said Elizabeth Vann is also insolv-

[Vann v. Vann, Ex'rx, et al.]

ent, and that there are no personal assets belonging to said estate, out of which his claim can be paid. The prayer of the bill is to have a certain tract of land (or so much thereof as may be necessary), of which the testator died seized and possessed, sold for the payment of his claim. By an amendment to the bill it was averred that the executor and executrix had the power under the will to contract for said services and to charge the said estate with the value thereof, and that they would have been entitled to a credit therefor, if they had paid the claim; and that in equity complainant ought to be paid out of said estate. By the amendment it is also prayed, that the complainant "be subrogated to the rights in equity, that said executor and executrix would have had, had they paid for said services, by decreeing that orator be paid the value thereof out of the property belonging to said estate." The defendants demurred to the bill as amended, the gist of the demurrer being that the will conferred no power on the executor and executrix to contract said debt, that it merely imposed a personal liability on them, and that the claim was stale and barred by the lapse of time.

The Chancery Court entered a decree sustaining the demurrer and dismissing the bill; and that decree is here assigned as error.

J. T. NORMAN, for appellant, cited 2 Perry on Trusts, §§ 907 –13; 19 Ala. 672; 30 Ala. 430.

L. W. MARTIN, contra. (No brief came to the hands of the reporter.)

STONE, J.—The decree of the chancellor rendered in this cause must be affirmed on two grounds. The debt, for the payment of which the bill seeks to have the lands of the testator sold, was contracted by the executors in 1861, and, at that time, imposed only a personal liability on them. For aught that appears in the bill, the executors may have been largely in default to the estate, and the will gives them no power to contract debts on the credit of the estate. And, as a debt against the lands devised, the claim had long been barred by the limitation of six years, when the present bill was filed.—Steele v. Steele, 64 Ala. 438; Vanderveer v. Ware, 65 Ala. 606; Maybury v. Grady, 67 Ala. 147.

Affirmed.