77 549
o112 203

# McCalley *v.* Wilburn & Co.

*Petition for Supersedeas of Execution on Injunction Bond.*

1. *Promissory note of administrator, for debt of estate; when binding on him personally.*—When an administrator executes a promissory note, under authority granted by an order of the Probate Court (Code, § 2432), for the purpose of settling or extending a debt of the estate, the note imposes no personal liability upon him; but, if the proceedings are substantially defective, and, by reason thereof, the note is not binding on the estate, the general rule applies which governs the contracts of trustees and agents, and the note imposes a personal liability on the administrator.

2. *Judgment by nil dicit; conclusiveness of.*—A judgment by *nil dicit*, in an action on a promissory note, is conclusive as to all personal defenses which might have been urged against it, and precludes the defendant from denying that he owes plaintiff the amount thereby adjudged.

3. *Form of judgment against administrator.*—Where the defendant is described, in the summons and complaint, as " W. J. M., *administrator* of M. A. M.," and in the margin of the judgment-entry as " W. J. M., *adm'r* of M. A. M.;" while the judgment, by *nil dicit*, is, that the plaintiff " have and recover of the defendant" the amount specified, " to be levied of the goods and chattels of his said intestate in his hands to be administered;" the judgment is against the defendant personally, and the superadded words will be rejected as surplusage, or regarded as a clerical misprision.

4. *Injunction bond; summary execution on.*—When an injunction is sued out by the heirs of a decedent, to enjoin proceedings under an execution issued on a judgment against the administrator, which has been levied on their lands; the injunction bond being payable and conditioned as required by the statute, and duly certified by the register on the dissolution of the injunction (Code, §§ 3870-76); execution may be thereon issued against the obligors, for the amount of the judgment, with interest and damages; and they can not supersede it because the judgment is held void as against the decedent's estate.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This was a petition by Archie McCalley, James R. McCalley, and Charles S. McCalley, to supersede and quash an execution, which had been issued by the clerk of said court, in favor of George W. Wilburn & Co., against the petitioners and one Thomas S. McCalley, and which was founded on an injunction bond executed by them. The injunction bond was dated September 2d, 1875, and payable to the register in chancery at Huntsville ; and after reciting that said Archie and James R. McCalley " have filed their bill of complaint in said Chancery Court, against Geo. W. Wilburn & Co., R. E. Murphy, sheriff

[McCalley v. Wilburn & Co.]

of said county, and others, as defendants," and by their said bill "have prayed and obtained an order for an injunction, restraining and enjoining the said Wilburn & Co. from further prosecuting their suit, and also restraining and enjoining said Murphy as sheriff from further proceeding under said execution against said property in said bill described," was conditioned as follows: "Now, therefore, the condition of the above obligation is such, that if the said Archie McCalley and James R. McCalley, executors, administrators, or any of them, shall and do well and truly pay, or cause to be paid, the amount of the judgment herein enjoined, with interest, and such damages and costs as may be decreed against such party, if the same is dissolved, then this obligation to be void," &c.

Said injunction bond was given, in accordance with a *fiat* granted by a circuit judge, under a bill filed by said Archie and James R. McCalley, the prayer of which, as set out in the petition for a *supersedeas*, was, "that said George W. Wilburn & Co. be enjoined from further prosecuting their said suit, and that said judgment be annulled, set aside, and held for nought; and that said Murphy, as sheriff, be enjoined from proceeding under said execution against said property," and for other and further relief. The judgment sought to be enjoined was rendered on the 19th June, 1875, and was in these words: "Came the parties," &c., "and the defendant withdraws his pleas by him heretofore pleaded, and now says nothing in answer to the plaintiffs' complaint. It is therefore considered by the court, that the plaintiffs have and recover judgment against the defendant, for $825.33, damages by the said plaintiffs sustained, together with the costs in this behalf expended; to be levied of the goods and chattels of his said intestate, in his hands to be administered." In the marginal statement of the parties' names, in the judgment-entry, the defendant was described as "William J. McCalley, adm'r M. A. McCalley, deceased;" and in the summons, as "William J. McCalley, administrator of Martha Ann McCalley;" while, in the complaint, the plaintiffs claimed "of the defendant the sum of $753.97, due by promissory note executed March 30th, 1874, by the defendant as administrator of said Martha Ann McCalley, pursuant to an order of the Probate Court of said county," &c. An execution on this judgment having been levied on lands belonging to the estate of Mrs. McCalley, the bill was filed by the complainants, her children and heirs, insisting that the order of the Probate Court was a nullity, and that the judgment was not binding on the lands or estate of Mrs. McCalley. On appeal to this court, it was held that the bill was wanting in equity, because it did not contain the allegations necessary to show that the Probate Court had jurisdiction; and

[McCalley v. Wilburn & Co.]

the cause was remanded, in order that an amendment might be asked and made.—See the case reported in 63 Ala. 436-48. After the remandment of the cause, the bill was amended, by setting out the order of the Probate Court, and the petition on which it was founded; but the chancellor, holding that the amendment did not give equity to the bill under the decision of this court, rendered a decree dismissing the bill, and dissolving the injunction. A copy of this decree, and of the injunction bond, being duly certified by the register to the clerk of the Circuit Court, the latter thereupon issued the execution against the obligors which they now seek to quash and supersede.

On the hearing, the court dismissed and disallowed the petition; and its judgment, to which the petitioners excepted, is now assigned as error.

R. C. BRICKELL; and HUMES, GORDON & SHEFFEY, for appellants, contended that a summary execution could not be issued against the obligors in the bond, because they were strangers to the judgment, and only sought to enjoin proceedings under the execution against their property, leaving the judgment in force against the defendant; that the plaintiffs' remedy against them was by action on the bond. They cited *Dunn v. Bank of Mobile*, 2 Ala. 152; *Bartlett v. Gayle*, 6 Ala. 305; *Thomas v. Brashear*, 4 Monroe, T. B. 65; *Moore v. Hallum*, 1 Lea, Tenn. 511; *Carlin v. Hudson*, 12 Texas, 202; *Scarlett v. Hicks*, 13 Fla. 314; *Hanley v. Wallace*, 3 B. Mon. 184; High on Injunctions, § 1623; Hilliard on Injunctions, 129, § 155.

JNO. D. BRANDON, D. D. SHELBY, and CABANISS & WARD, *contra*.

SOMERVILLE, J.—In *Wilburn & Co. v. McCalley*, 63 Ala. 436—the title under which this cause was last before us on appeal—it was decided that the proceedings of the Probate Court, which authorized the execution of the note given by W. J. McCalley, as the administrator of his wife's estate, were void for want of conformity to the statute, and, for this jurisdictional defect, neither the note itself, nor the judgment to which it was reduced by suit, was binding upon the estate of the decedent. That case, however, is no authority for the assumption, that the note did not impose a personal liability upon McCalley, as its maker. If his petition to the Probate Court had contained all the requisite jurisdictional allegations, and the order of the court based on the petition had been otherwise regular, it is very clear that the obligation given by

the administrator would have been binding on him only in his representative capacity, and he would not have been in any wise personally liable. Such is the express declaration of the statute. But this is the case only where the proceedings of the court are valid, so as to confer upon the administrator the legal authority to bind the estate by the execution of "such note, bond, or bill."—Code, 1876, § 2432. It is obvious that an administrator can not shield himself from personal liability, by refuge under an order which is absolutely void. The rule of law which governs his liability is analogous to that governing trustees and agents in general. Where he undertakes to bind the estate, and fails to do so for want of authority, he binds himself personally, and may be sued upon his contract individually.— *Whitesides v. Jennings*, 19 Ala. 784. And in such cases, it avails him nothing, that he intended only to bind himself in his representative capacity.—*Thatcher v. Densmore*, 5 Mass. 595; *Vann v. Vann, ex'r*, 71 Ala. 154. However this may be, the judgment rendered in the Circuit Court of Madison county on June 19, 1875, against McCalley, in favor of Wilburn & Co., was conclusive of all defenses which might have been urged against the note prior to the rendition of such judgment. The suffering of judgment *nil dicit* by the defendant precludes him from now denying that he owes the plaintiffs the money adjudged by a court of competent jurisdiction to be due them.—*Mervine v. Parker*, 18 Ala. 241; *McDonald v. Mobile Life Ins. Co*, 65 Ala. 358; Freeman on Judg. § 435. This judgment is rendered against the defendant, McCalley, personally, and not against him in his representative capacity. The affix of the word "*adm'r*," in the margin, is, at most, a mere *descriptio personæ;* and the concluding phrase—"to be levied of the goods and chattels of said intestate, in his hands to be administered"—is mere surplusage, capable of rejection by amendment as a clerical misprision. It can not, therefore, affect the binding force of the judgment on the defendant in his personal or individual capacity.

We can see no good reason whatever for the contention, that the injunction bond given by the appellants is not a statutory bond. It is executed in double the amount of the judgment sought to be enjoined, with proper security, being payable to, and approved by the register, and is also conditioned, on the dissolution of such injunction, to pay the amount of the judgment enjoined, with interest, and such damage and costs as may be decreed against the party at whose application the writ was granted.—Code, 1876, § 3869. The suggestion, that the purpose and legal effect of the writ was not to enjoin the judgment, but only to prevent the sale under it of a particular piece of landed estate, is refuted by the entire chancery pro-

[Grimball v. Mastin.]

ceedings upon which the injunction was based, as we find them fully set out in the record.

The bond being one to "enjoin proceedings at law on a judgment for money," in view of the dissolution of the injunction, has impressed upon it, by express provision of the statute, "the force and effect of a judgment;" and having been certified by the register, to the clerk of the court in which the judgment was rendered, execution was properly issued against the appellants, as obligors, for the amount of such judgment which had been enjoined, with interest and damages.—Code, § 3876.

The judgment of the Circuit Court, quashing the petition for *supersedeas* filed by appellants, and dismissing the same, is free from error, and must be affirmed.