# Avery & Sons *v.* Miller.

*Bill in Equity to enforce Vendor's Lien on Land.*

1. *Parol evidence varying writing.*—When parties have reduced their contract to writing, neither of them can be heard, as against the other, to aver or prove a contemporaneous oral agreement that it should have effect different from the legal import of the words intentionally used; but this rule does not prevent the correction of mistakes, when it is clearly shown that the writing does not express what the parties intended.

2. *Indorsement of note; parol evidence varying or explaining.*—As to the admissibility of parol evidence to change or modify an indorsement in blank of a promissory note, the court adheres to the rule laid down in *Day v. Thompson* (65 Ala. 269), which holds that it can not be received; but this rule does not prevent the payee of a note, who has indorsed it in blank, from showing that he did so at the instance of a person who was joint owner with him, in order that it might be discounted in bank for their joint benefit, and was placed by said joint owner in the hands of a creditor to be so discounted, with the understanding that one half of the proceeds should be applied to the payment of his debt, which agreement was never carried into effect; and these facts may be shown by them in defense of a suit by such creditor to enforce the note as a lien on land, for the purchase-money of which it was given.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. S. K. McSPADDEN.

The bill in this case was filed on the 4th May, 1888, by B. F. Avery & Sons, "a corporation chartered and organized under the laws of Kentucky," against J. P. Miller, John L. Pogue, and S. L. Whitten; and sought to enforce a vendor's lien on certain real estate in Gadsden for the unpaid purchase-money, as evidenced by a promissory note for $1,000, which was made an exhibit to the bill, and of which the complainant claimed to be the owner by transfer before maturity. The note was signed by said Whitten, dated Bir-

mingham, February 1st, 1887, and payable twelve months after date, to the order of said Miller, by whom it was indorsed in blank; and it contained a waiver of exemptions of personal property, and a stipulation for the payment of ten per-cent. as attorney's fees for collection. The bill alleged that the note "was surrendered to complainant, before its maturity, by said John L. Pogue, properly indorsed by said Miller, in consideration of the full settlement and satisfaction of an existing debt due to complainant from the said late firm of Kittrell & Kittrell;" Pogue having before that time married Mrs. Kittrell, one of the partners of said firm, and agreed to pay the debt by delivering lumber.

A joint and several answer to the bill was filed by Miller and Pogue, denying complainant's ownership of the note, and claiming that it belonged to them jointly. As to the manner in which the complainant obtained the possession of the note, their answer contained these allegations: "Some time in February, 1887, one Lewis came to Gadsden, representing himself to be complainant's agent, and his business to be the settlement, if possible, of the matters between complainant and said Pogue  In the conversation between them, Pogue told said Lewis that he and J. P. Miller held said note, each owning a one-half interest in it; and proposed to said Lewis, that if he (Lewis) could get the note discounted by the Bank of Gadsden, Avery & Sons might have his half of the money arising from the discount, and he would add to it cash enough to make the amount they would receive $500, provided Avery & Sons would give him a clear receipt against said lumber contract. Said Miller agreed to let the note be discounted on these terms, but stated to said Lewis, expressly and distinctly, while the note was still in his possession, that he had and then owned a one-half interest in it. With this understanding and agreement said Miller wrote his name on the back of said note, and it was handed to said Lewis, as complainant's agent, to take it to the bank, and see if the bank would discount it; and these respondents aver that the possession of said note was thus given to said Lewis, for this sole purpose and no other." The answer alleged, also, that Lewis represented, on his return from the bank, that a pressure of business prevented action on the note at that time, but he had left it with his attorney, who would attend to it; that they made inquiry of the attorney, about the time the note matured, and were told by him that it had not been left with him; and that on subsequent inquiry

[Avery & Sons v. Miller.]

of B. F. Avery & Sons, by mail, they were informed that complainant had the note, and intended to enforce its collection. They prayed that their answer might be taken as a cross-bill, and that the note be declared a lien on the land, in their favor, for the unpaid purchase-money.

An answer to the cross-bill was filed by B. F. Avery & Sons, denying its material allegations, and reiterating the allegations of the original bill. No defense was made by S. L. Whitten, and a decree *pro confesso* was taken against him on each bill.

On final hearing, on pleadings and proof, the chancellor rendered a decree in favor of the complainants in the cross-bill, declaring a lien on the land, in their favor, for the amount due on the note. B. F. Avery & Sons appeal from this decree, and here assign it as error.

W. H. DENSON, for appellants.—(1.) The possession of the note by the complainant, with the indorsement in blank of Miller, the payee, made out a *prima facie* case of ownership, and cast the *onus* of proof on the party disputing it. *Jarrell v. Lillie*, 40 Ala. 271. To overcome this presumption, the evidence must be clear, cogent and satisfactory. 1 Dan. Neg. Instr., § 796; *Marsh v. Marsh*, 74 Ala. 418; *Lindsey v. Perry*, 1 Ala. 203. Here, the presumption arising from the possession of the indorsed note, is supported by the testimony of Lewis; and though he is contradicted by Pogue and Miller, they contradict each other, and each states the facts differently from the averments of the cross-bill. (2.) But the testimony of Pogue and Miller, if clear, consistent and satisfactory, can not be received to vary the legal effect of the indorsement.—*Day v. Thompson*, 65 Ala. 269; *Preston & Co. v. Ellington*, 74 Ala. 134; *Tankersly v. Graham*, 8 Ala. 251; *Martin v. Cole*, 104 U. S. 30; *West v. Kelly*, 19 Ala. 353; *T. & C. Railroad Co. v. East Alabama Railway Co*, 73 Ala. 426. Such evidence can only be received under averments of fraud or mistake, with a view to reform the instrument.—*Terry v. Keaton*, 58 Ala. 667. (3.) Lewis having taken the indorsed note from Pogue, before maturity, in payment of an existing debt, without notice of any limitation or restriction upon his authority to dispose of it, Miller can not defeat the action by proof of any limitations, restrictions or instructions.—1 Parsons Contracts, * 252; 1 Dan. Neg. Instr., §§ 792-3; 16 Gray, 74; 17 Johns. 176; 14 Amer. Rep. 168; 5 Amer. Rep. 284;

32

[Avery & Sons v. Miller.]

*Charles v. Dennis*, 24 Amer. Rep. 384. Actual notice to Lewis was necessary to charge him with knowledge of Miller's rights.—79 Ala. 576; 28 Amer. Rep. 59; *Kyle v. Ward*, 81 Ala. 120; 1 Dan. Neg. Instr., § 789*a; Wright v. Lang*, 66 Ala. 389; 20 How. 343; 2 Wall. 110. Miller was guilty of negligence, in parting with the note under the circumstances alleged; and the principle applies, that as between two innocent sufferers from the wrongful act of a third person, he must be the loser who gave the wrongdoer the opportunity.—79 Ala. 559; 66 Ala. 10; 22 Amer. Rep. 83.

DORTCH & MARTIN, *contra.*—The appellees recognize the authority and the correctness of the decision in *Day v. Thompson*, 65 Ala. 269; but they contend that this case comes within one of the recognized exceptions to the general rule there laid down; that their claim only goes to the question of delivery and ownership of the note.—1 Dan. Neg. Instr., §§ 720-21; *Herrick v. Carman*, 10 Johns. 234; 38 Conn. 15; 39 Conn. 89; *Hamburger v. Miller*, 48 Md. 317.

STONE, C. J.—We are not inclined to question the correctness of the decision in *Day v. Thompson*, 65 Ala. 269, and many other authorities which assert the same principle. It is certainly the law, and rests on the soundest reason, that when parties make a contract, and reduce it to writing, neither party will be heard, even as between themselves, to set up or prove that there was an oral, contemporaneous agreement that the contract shall have effect different from the legal import of the language intentionally employed. This rule, however, does not prevent the correction of mistakes made, when it is clearly shown that the writing does not express what the parties intended. As we understand this record, the case is not controlled by the rule declared in *Day v. Thompson*. True, Lewis testifies that Pogue was indebted to Avery & Sons, and that he, Pogue, brought to him the note of Whitten, payable to Miller and indorsed by him in blank, and traded it to him in discharge of Pogue's debt. He testifies further, that when this took place, he had no notice that Miller had any interest in the note. Lewis was the agent and collector of Avery & Sons. But the testimony of Pogue and Miller is directly opposed to this. Pogue's testimony was weakened by the cross-examination, but nothing was shown to impair the force of Mil-

[Avery & Sons v. Miller.]

ler's evidence. They testified that the note was payable to Miller, and in his possession, but that Pogue owned a half interest in its proceeds. The note was not due, and both Miller and Pogue were willing that the note should be disposed of for money at a discount of ten per cent. That it might be offered for sale to a bank, Miller indorsed it in blank, and, according to their testimony, they told Lewis what were their several interests, and what rate of discount they were willing to submit to, in order to have it cashed. They then intrusted the note to him, that he might procure its discount in bank, and if he succeeded, Pogue agreed that Lewis might apply his half of the proceeds to the debt he owed Avery & Sons. This is the clear unmistakable testimony of Miller and Pogue, and they deny that the note was traded to Lewis, either absolutely or conditionally. If their version of the transaction be the true one, they only constituted Lewis their agent to procure the discount of the note, with a promise by Pogue that, if successful, his share of the proceeds should go to Avery & Sons. This case, on their testimony, does not fall within the rule which disallows oral proof to vary the terms of a written contract. To hold that it does, would force us to apply the same principle to every case, where a paper similarly indorsed is placed in the hands of an attorney, or other agent, for collection. 1 Dan. Neg. Instr. § 721; *Herrick v. Carman*, 10 John. 224; *Dale v. Gear*, 38 Conn. 15; s. c., 39 *Ib.* 89; *Hamburger v. Miller*, 48 Md. 317.

We agree with the chancellor, that the weight of the testimony shows that Avery & Sons never acquired any interest in the note, but only a right to half of its proceeds, if it had been discounted. For that purpose alone the note was placed in Lewis' hands, not as owner, but as agent. When he failed, it became his duty to return it to Miller and Pogue. If he desired to acquire a right to Pogue's interest, that was a subject he might have negotiated about. He is not shown to have done so, and hence fails to show any interest whatever in the note.

Affirmed.