## GILLIS v. WHITE. (4 Div. 140.)

(Supreme Court of Alabama. Oct. 15, 1925. Rehearing Denied Nov. 19, 1925.)

**1. Principal and agent ⬗189(1)—Complaint, declaring on contract made with defendant as agent of another defendant, states no cause of action against agent.**

Complaint, declaring on contract made by plaintiff with one defendant as agent of another defendant, states no cause of action against agent defendant.

**2. Principal and agent ⬗132(1)—Agent of a disclosed principal binds either principal or himself, but not both.**

When one contracts merely as agent of a disclosed principal, he binds either principal or himself, but not both.

**3. Principal and agent ⬗136(1), 155(4)— Agent not liable if principal is bound; if agent fails for want of authority to bind designated principal, agent liable as if he were nominally principal.**

If principal was bound by agent's act, agent cannot be held liable, but, if agent, though assuming or intending to bind a designated principal, fails to do so for want of authority, he is liable upon contract as though he were nominally a principal.

**4. Appeal and error ⬗1040(11) — Error in overruling demurrer to special counts harmless, where plaintiff entitled to recover on common counts.**

Error in overruling demurrer to special counts for misjoinder of parties and failure to state a cause of action was harmless, where, under the facts, the plaintiff was entitled to recover on common counts.

**5. Principal and agent ⬗159(2) — Pretended agent, inducing plaintiff to believe he was being placed at direct contractual relations with broker, liable on common counts for amount of check obtained.**

Where independent dealer, pretending to be agent, induced plaintiff to believe he was placing plaintiff in direct contractual relations with brokers, thereby inducing plaintiff to make a check to brokers supposedly for the protection of plaintiff's cotton, which dealer applied to his own contract with brokers, dealer must be regarded as custodian of such fund, and liable to plaintiff on common counts.

**6. Assumpsit, action of ⬗5—When recovery may be had on common counts, though a special contract exists, stated.**

A recovery may be had on the common counts, although there is a special contract, whenever, by the breach of it, the plaintiff is entitled to recover a sum in numero, or which can be rendered certain by calculation.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Action by A. C. White against J. E. Gillis. From a judgment for plaintiff, defendant appeals. Affirmed.

Chauncey Sparks, of Eufaula, for appellant.

The agent and the principal cannot be joined in the same action. Eufaula Gro. Co. v. Mo. Natl. Bank, 118 Ala. 408, 24 So. 389; Messer-Moore v. Trotwood Co., 170 Ala. 473, 54 So. 228, Ann. Cas. 1912D, 718; Upchurch v. Norsworthy, 15 Ala. 705; 2 C. J. 843. The special finding of facts is erroneous, and will be reviewed on appeal. Jones v. Hines, 205 Ala. 145, 87 So. 531; Bogacki v. Montgomery, 211 Ala. 310, 100 So. 214; Code 1923, § 9498.

Sollie & Sollie, of Ozark, and G. E. Jones, of Clayton, for appellee.

The witnesses were before the court, and the finding made will not be disturbed. Cobb v. Malone, 92 Ala. 630, 9 So. 738. Appellant was personally liable, and judgment properly went against him. Little v. People's Bank, 209 Ala. 620, 96 So. 763; Belisle v. Clark, 49 Ala. 98; Gillaspie v. Wesson, 7 Port. (Ala.) 454, 31 Am. Dec. 715.

SOMERVILLE, J. [1] Where a complaint declares on a contract as made with the plaintiff by one of the defendants as the agent of another defendant, it states no cause of action against the agent defendant.

[2] When one contracts merely as the agent of a disclosed principal, he binds either his principal or himself, but not both; and a joint action against both involves a practical as well as a legal anomaly.

[3] If the principal was bound, as intended, the agent cannot be held liable on any principle of law or justice. But if the agent, though assuming and intending to bind a designated principal, and not himself, fails for want of authority to do so, then the agent is himself liable upon the contract as if he were nominally a principal. Whiteside v. Jennings, 19 Ala. 784, 788; McCalley v. Wilburn, 77 Ala, 549, 552; Gillaspie v. Wesson, 7 Port. 454, 461, 31 Am. Dec. 715. This form of liability seems to be thoroughly established by our decisions, though in most jurisdictions such an assumption of agency gives rise only to an action for damages as for breach of an implied covenant that the agent is duly authorized, or as for a deceit practised by means of the false assumption of agency. 2 Corp. Jur. 806, § 479(d).

[4] The demurrers interposed by Gillis to the special counts should have been sustained, whether as for misjoinder of parties, or because they failed to state a cause of action against him. This error must, however, be pronounced harmless, if, upon the facts shown, plaintiff was entitled to recover under any one of the common counts.

[5] By request, the trial court made a special finding of the facts, in substance as follows: The defendant Gillis was not in fact the agent of the defendant Campbell, Cleaver & Co., Inc., but, was an independent

buyer of cotton, and the contract between him and plaintiff with respect to the handling of plaintiff's 26 bales of cotton was an individual affair, although plaintiff believed and acted upon the impression that Gillis was the agent of Campbell, Cleaver & Co., Inc., and had the right to bind them in the transaction in question. There is no dispute as to the amounts of money received by plaintiff when the cotton was delivered, and afterwards from Gillis by way of advancement or restitution, nor as to the amounts paid by plaintiff to Gillis and to Campbell, Cleaver & Co., by way of margins on the cotton supposedly held by the latter for plaintiff's benefit. The net amount due to plaintiff, after all credits, and including interest to the date of judgment, was $845.

Approving and supplementing these findings, it seems clear to us that the defendant Gillis induced plaintiff to believe that he was placing plaintiff in direct contractual relation with Campbell, Cleaver & Co., and that the latter would carry plaintiff's cotton on the marginal basis stipulated, with the right in him to close the transaction on a cash basis whenever he chose to do so; that it was not contemplated that plaintiff's cotton, or, more properly, his cotton contract with the brokers named, should be blended with any other transaction between Gillis and the brokers, and carried, thus incumbered, as a single contract in the name of Gillis; that Gillis in fact did that very thing; and that he thereby violated his undertaking with plaintiff, with the result that the margins supplied by plaintiff were unavailing to save the contract covering plaintiff's cotton.

Under those conditions, the payment of $640, which Gillis induced plaintiff to make by drawing his check payable directly to the brokers, supposedly for the protection of plaintiff's own cotton, but which was in fact designedly applied by Gillis to his own contract covering 86 bales (including plaintiff's 26 bales), cannot be regarded as a voluntary or intended payment by plaintiff. Notwithstanding the form of payment, it was in equity and good conscience money had and received by Gillis to the use of plaintiff; and having used it unlawfully by diverting it from its proper and intended use, Gillis must be held as the custodian of the fund as though it still remained in his hands. As we view the law and morals of the case, Gillis must account to plaintiff for that money.

[6] "A recovery may be had on the common counts although there is a special contract, whenever by its breach, the plaintiff is entitled to recover a sum in numero, or which can be rendered certain by a mere calculation." Sprague v. Morgan, 7 Ala. 952; Farmers' B. & T. Co. v. Shut & Keihn, 192 Ala. 53, 60, 68 So. 363.

The sum for which the trial court rendered judgment is manifestly this payment of $640, with interest from December 8, 1919, to January 30, 1924. In this we find no error, and the judgment will be affirmed.

Affirmed.

THOMAS, BOULDIN, and MILLER, JJ., concur.