(117 So. 19)

ALABAMA TRACTION CO. et al. v. SELMA TRUST & SAVINGS BANK. (8 Div. 905.)

Supreme Court of Alabama. May 10, 1928.

Rehearing Denied June 7, 1928.

1. Municipal corporations ⊚⟶455—Notice of completion of work under improvement ordinance held notice of completion of car track pavement, specified in improvement ordinance though not in notice.

Notice to property owners of completion of paving and assessment, reciting that all work provided for under improvement ordinance was completed, was sufficient to advise each one of completion of work, including concrete car track paving not specified in notice, which specified only curbs and gutters; in view of specifications in improvement ordinance which included car track pavement.

2. Municipal corporations ⊚⟶449(4)—Assessment ordinance for car track pavement contemplated individual judgment against street railroad and could not be avoided in collateral proceeding for defect in placing assessment with abutting properties improved (Code 1923, § 2189).

Ordinance of assessment for paving improvement construed with initial ordinance providing for concrete car track pavement to be paid by owner of street railroad, and, in view of Code 1923, § 2189, governing street railroads assessment, held to comprehend individual judgment against street railroad, and not judgment against street railroad as an abutting property owner, though item for car track pavement was placed in column devoted to descriptions of abutting properties improved, and hence final assessment against street railroad was not a nullity and could not be avoided in collateral proceeding to enforce lien against street railroad property for cost of paving.

3. Municipal corporations ⊚⟶479—Lien on street railroad's property held not defeated by failure to detail description on assessment roll.

Failure to enter detailed description of property of street railway on assessment roll for paving improvement held not to defeat lien on property of street railroad where it did not appear that written objection to assessment was made or appeal taken to review proceedings, but rather that street railway company recognized assessments and made payments thereon.

4. Municipal corporations ⊚⟶586—Defendant, known to receiver and court to have purchased street railway as agent, held not liable for paving assessment against street railway.

Where defendant purchased street railway properties as agent of traction company and such fact was known to receiver when sale was made and district court recognized agency and confirmed sale to defendant's assignee as real purchaser, defendant agent was not liable for payment of assessment for cost of paving.

5. Principal and agent ⊚⟶136(1)—Agent whose status is understood by other contracting party and is authorized to bind principal does not bind himself.

An agent whose status is understood by other contracting party and who has authority to bind his principal does not bind himself as obligor.

Appeal from Circuit Court, Morgan County; O. Kyle, Judge.

Bill in equity by the Selma Trust & Savings Bank against the Alabama Traction Company and others. From a decree for complainant, respondents appeal. Affirmed in part, and reversed and rendered in part.

Statement by SOMERVILLE, J.:

The bill of complaint is filed by a holder of municipal improvement bonds of the city of Decatur to enforce an alleged lien against the property of a street railway company for the cost of paving the track—the space between the rails, and 18 inches on each side of the track—running along Lee street, a public street of said city.

At the time of the improvement, the North Alabama Traction Company was the owner and operator of said street railway. Afterwards, all of that company's properties were sold under a decree and order of the federal court, and were purchased by John B. Weakley, who transferred them to the Alabama Traction Company, the present owner and operator of the road. Both of these companies and Weakley are made parties respondent to the bill.

The ordinance for the paving and improvement of Lee street, adopted September 26, 1911, provided for an asphalt macadam paving, a cement curb, and "concrete car track pavement" between the rails and for 18 inches on each side of them. It further provided:

"That the costs of paving between the rails of any street railroad, * * * and for 18 inches on each side of the tracks, including switches and turnouts, shall not be assessed against the property abutting on said streets as aforesaid, but shall be paid by the owner of such railroad; and shall be assessed against and form a lien on said railroad and the property connected therewith."

The ordinance announced that the municipal board would meet on October 17, 1911,

at the mayor's office, to hear any objections that might be made to said improvements, their manner of making, or the materials to be used.

The bill further avers that on October 17, 1911, the city board in open meeting ratified and confirmed said ordinance, and thereafter curbed and paved said street, including the part between the rails of said railway; that said work was accepted by the city, and a preliminary assessment roll was made, assessing the costs of the improvement against the abutting property, and also making an assessment against the North Alabama Traction Company for $2,304.96; that on October 17, 1912, a notice was duly published as follows:

#### "Notice to Property Owners.

"Notice is hereby given to the interested property holders that all work provided for under improvement ordinance No. 34, Series C, of the city of Decatur, Ala., consisting of asphalt macadam pavement, cement curbs, and gutters on Lee street, from Canal street to Ferry street, has been completed and assessed. The assessment record is open for inspection in the office of the city clerk. The mayor and council of the city of Decatur, Ala., will meet at 7:30 p. m. on the 8th day of November, 1912, in the council chamber at the city hall in the city of Decatur, Ala., to hear and determine any objections or defense that may be filed to such assessments, or the amount thereof."

The order and judgment of March 18, 1913, making the assessments final, after reciting the due publication of notice, and the failure of any one to appear and object thereto, and declaring that "such assessments are not in excess of the increased valuation of such lots or parcels of land by reason of the special benefits derived from said improvements," proceeds:

"Now, therefore, be it resolved that the following assessments for the amounts and against the lots or parcels of land set out below, be hereby made final: E. W. Irvin, fraction E of lot No. 342, etc., $235.67. [Here follow some 28 or 30 assessments against particularly described lots or parcels of land, and finally:] North Ala. Traction Company, car track pavement on Lee street, in Decatur, Ala., from Canal street to Ferry street, $2,304.96. City of Decatur, pavement in the intersections of Canal, Oak and Line streets on Lee street, $971.77."

On March 21, 1912, W. A. Bibb, manager of the North Alabama Traction Company, wrote to the mayor and council of Decatur as follows:

"Please have the contract, let to the Southern Asphalt & Construction Company by your board, for the concrete paving on Lee street for the North Alabama Traction Company, be amended so that the concrete be laid 2 inches deeper between the cross-ties than the original. This change being desired on account of using cross-ties 6 inches thick instead of 4 inches. This change is approved by your city engineer, Mr. W. A. McCalla."

The properties of the North Alabama Traction Company were put in the hands of a receiver in August, 1919, as the suit of bondholders in the federal court, and were duly sold under a decree of that court on November 21, 1922.

At this sale, John B. Weakley made a bid for the properties, as agent and representative of the Alabama Traction Company, and the receiver or special master was advised at the time of the sale that Mr. Weakley was bidding for the Alabama Traction Company. A report of the sale was made by the master to the court, advising of the sale to Mr. Weakley, and in a day or two a supplemental report was filed showing that the property was sold to Weakley as representative of the Alabama Traction Company, and that Mr. Weakley had made a transfer and assignment of his bid or any right that he had by reason thereof to the Alabama Traction Company, and the special master asked an order of the court confirming the sale to the Alabama Traction Company, which order was made and the sale confirmed to the Alabama Traction Company, and a deed was then made by the master to the Alabama Traction Company.

This decree of confirmation recites that it appeared to the court:

"That the bill of said John B. Weakley was made for and on behalf of the Alabama Traction Company, a corporation."

On final hearing it was decreed that the complainant has a lien on the railway owned by the North Alabama Traction Company and the property connected therewith on November 8, 1912, to secure the amount of the assessment made under the aforesaid proceedings under Ordinance No. 34, Series C, of the city of Decatur.

It was further decreed that these properties should be sold to satisfy said lien, and that a reference be held to ascertain the amount due on the assessment, the amount due on complainant's bonds, and what properties were owned by said company subject to the lien. It was further decreed that the respondent John B. Weakley, as purchaser at the receiver's sale, assumed the payment of this assessment, and is personally liable therefor.

From this decree, the respondents appeal.

Eyster & Eyster, of Decatur, for appellants.

There was no personal judgment rendered by the city against the railway company. Ala. City v. Ala. Power Co., 213 Ala. 644, 106 So. 39; N., C. & St. L. v. Boaz, 213 Ala. 667, 106 So. 193; Code 1923, § 2189. Notice of assessment proceedings must be given. Birmingham v. Wills, 178 Ala. 208, 59 So. 173, Ann. Cas. 1915B, 746; Worchester v. Worchester

Con. S. R. Co., 196 U. S. 539, 25 S. Ct. 327, 49 L. Ed. 591; Huntsville v. Gudenrath, 194 Ala. 571, 69 So. 629; Edmondson v. Jones, 204 Ala. 141, 85 So. 799. Assessment is against a segment of tract and not the railway company or property connected therewith. Ala. City v. Ala. Power Co., supra; N., C. & St. L. v. Boaz, supra; Decatur v. So. Ry. Co., 183 Ala. 531, 62 So. 855, 48 L. R. A. (N. S.) 231. A judicial sale is not complete until confirmed. Sayre v. Elyton Land Co., 73 Ala. 96; McGaugh v. Deposit Bank, 141 Ala. 434, 38 So. 181; Harduval v. M. & M. Bank, 204 Ala. 188, 86 So. 52. The bidder may substitute an assignee. 16 R. C. L. 75, 114; Archer v. Archer, 155 N. Y. 415, 50 N. E. 55, 63 Am. St. Rep. 688. The Alabama Traction Company was the purchaser at receiver's sale, although the property was brought by Weakley. Tallassee O. & F. Co. v. Royal, 209 Ala. 439, 96 So. 620.

A. J. Harris, of Decatur, for appellee.

The traction company requested the work, and made payments on the assessment, and was bound by the assessment. Day v. Montgomery, 207 Ala. 644, 93 So. 609; Grant v. Birmingham, 210 Ala. 239, 97 So. 731; Ala. Tr. Co. v. Selma Bank, 213 Ala. 269, 104 So. 521. The personal judgment against the traction company was valid. Betancourt v. Eberlin, 71 Ala. 461; Code 1907, § 1374. Purchasers at judicial sales make themselves parties to the proceedings, and are bound by the decree of confirmation. Weakley purchased under the terms of the decree and advertisements, and assumed the payment of the assessments. Union Trust Co. v. G. E. Lumber Co. (C. C. A.) 248 F. 46; Harduval v. Merchants', etc. Bank, 204 Ala. 187, 86 So. 52; Cable v. Byrne, 38 Minn. 534, 38 N. W. 620, 8 Am. St. Rep. 697; Ala. Tr. Co. v. Selma Bank, 213 Ala. 269, 104 So. 521; Coleman v. Hatcher, 77 Ala. 217. By assigning his bid, the purchaser does not escape liability. 35 C. J. 95; Reynolds v. Timmons, 7 S. C. 486; Proctor v. Farnam, 5 Paige (N. Y.) 614; Cont. Tr. Co. v. Baltimore Ref. & H. Co., 120 Md. 450, 87 A. 947, 46 L. R. A. (N. S.)887.

SOMERVILLE, J. Many of the questions here presented for review were disposed of adversely to the appellants on a former appeal of this case, when the merits of the bill were considered on respondents' demurrers thereto, and the demurrers held properly overruled. Alabama Traction Co. v. Selma Tr. & Savs. Bank, 213 Ala. 269, 104 So. 517. However, on the final hearing on pleadings and proof, several questions were decided against respondents which merit review on this appeal.

It is insisted that there was no notice, or no adequate notice, to the respondent North Alabama Traction Company of the completion of the work on and adjoining its track, for which it was to be charged with the cost; and hence that it was not given the opportunity to appear and contest the making of the final assessment, and that that assessment was therefore void.

[1] An inspection of the notice in question shows that it was not in very good form, in that it does not specify the "concrete car track pavement" as part of the finished work, while it does specify the curbs and gutters. Nevertheless, the notice given was to "interested property holders," and announced that "all work provided for under Improvement Ordinance No. 34, Series C, of the city of Decatur," was completed; and we think, in view of the clear specifications of the improvement ordinance, this notice was sufficient to advise every one that the entire work was completed, including the concrete paving on and about the car track.

It is insisted, also, that no proper and legal judgment of assessment was ever rendered, either against the North Alabama Traction Company personally, or against any of its property so as to specifically subject it to the lien imposed by the statute (Code, § 2189) as security for the payment of the cost of the improvement. The contention in fact is that the city proceeded throughout as though the Traction Company were an *abutting property owner*, and subjected it to the same sort of assessment, and to the same judgment, based on the same theory of liability—which, it is insisted, the city had no authority to do, and which resulted in a mere abortion and nullity.

[2] Here, again, it must be conceded that the ordinance of assessment, which stands for the final judgment in the case, is not appropriately framed, that is, so far as the superficial arrangement and adaptation of its items and parts are concerned. Yet, when construed in connection with the initial ordinance and other proceedings, and with section 2189 of the Code, which must govern the Traction Company's assessment, we think that the ordinance fairly intends and comprehends an individual judgment against the company; and that the item, "car track pavement on Lee street, in Decatur," though placed in the column devoted to descriptions of the abutting properties improved, may fairly be treated as being what it plainly is—a description of the work done about the track, and not a description of the *track* as an item or parcel of property which has been improved.

We cannot hold that the final assessment was a nullity, nor that it can be avoided in this collateral proceeding, because of the defects above reviewed. If objection had been seasonably made before the council, a different conclusion might have been reached, had it been directly attacked on appeal.

[3] As to the failure to specify the property of the company to be subjected to the lien,

the same conclusion must be reached, and we are content to repeat what was said on the former appeal:

"We are not prepared to hold the failure to enter the detailed description of the property of the street railway upon the assessment roll defeated the lien, it not appearing that written objection to the assessment was made, or appeal taken to review the proceedings, but rather that the street railway company recognized the assessment and made payments thereon." 213 Ala. 269, 274, 104 So. 517, 521.

It results that on the merits of the decree no error can be pronounced.

[4, 5] We are clear, however, to the conclusion that the respondent Weakley purchased the street railway properties as the mere agent of the Alabama Traction Company, their present owner, and that this fact was known to the receiver when the sale was made. Indeed, the district court fully recognized that state of affairs, and confirmed the sale to Mr. Weakley's assignee as the real purchaser. An agent whose status is understood by the other contracting party, and who has authority to bind his principal, does not bind himself as obligor. Gillis v. White, 214 Ala. 22, 106 So. 166. As to the respondent Weakley, the decree will be reversed, and one will be here rendered denying relief to complainants.

In all other respects the decree will be affirmed.

Affirmed in part, and reversed and rendered in part.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.