160 So. 252

## POINTER v. FARMERS' FERTILIZER CO.

8 Div. 566.

Supreme Court of Alabama.

Feb. 28, 1935.

Chas. H. Eyster, of Decatur, for appellee.

Lynne & Lynne, of Decatur, for appellant.

FOSTER, Justice.

This is an action at law by the payee of a note against the indorser. There was a verdict and judgment for plaintiff, and defendant appeals on the record without a bill of exceptions.

In appellant's brief it is stated that she insists on only two grounds of error: (1) That plaintiff was not entitled to recover an attorney's fee, and (2) error in sustaining demurrer to plea 9. "The rule as to the liability of indorsers for attorneys' fees is not settled. There is much diversity of court opinion thereon. 8 Corpus Juris, § 1432," page 1098. Taylor v. Continental Supply Co. (C. C. A.) 16 F.(2d) 578.

Many cases, as those cited in the notes indicate, are controlled by the peculiar stipulations of the indorsement. There are some which have special provisions, and on some the indorsement is in blank and unqualified. Robinson v. Aird, 43 Fla. 30, 29 So. 633. There seems to be little harmony in the decisions. It is referred to in Kennedy v. Hudson, 224 Ala. 17, 138 So. 282. Kindred questions are discussed in Shows v. Jackson, 215 Ala. 256, 110 So. 273; Scarbrough v. City National Bank, 157 Ala. 577, 48 So. 62, 131 Am. St. Rep. 71. But they are not here controlling.

The indorsement here sued on stipulated that the indorser assents to and adopts

the contract of the maker, and guarantees the payment of the note without condition or reservation as to delivery, execution, or otherwise. But the question is not so presented on this appeal to justify us in passing on it. The suit is not alone for the attorney's fee, but for the principal of the note and interest as well. The attorney's fee is only one of the items claimed. Though it be improper, a good complaint would remain without it. Demurrer is not the appropriate remedy. Cole v. Tuck, 108 Ala. 227, 19 So. 377.

The other contention relates to the sufficiency of plea 9, which is set out in the report of the case. The United States Circuit Court of Appeals treated the same subject, perhaps the same plea, in Soper v. Pointer, 67 F.(2d) 676. In that suit this appellant was sued as the maker of a note. Her signature was in the same words as those used in indorsing the note we are considering. The members of that court had some difference. They all agreed that this court had determined that such a signature ordinarily imports a prima facie personal liability. The majority held that since the plea did not allege a compliance with section 5830, Code, by which alone could a liability be fastened on the estate, there was a fixed personal obligation of the administratrix in the absence of liability of the estate, which could not be avoided by a parol agreement made at the same time. The dissenting opinion held that by a contemporaneous parol agreement, the administratrix could show that she was not personally bound, since the liability of the administratrix is only prima facie, and subject to explanation. This would result in holding that there was no liability at all by reason of the indorsement. We think the theory of the majority is correct, and supported by our cases. Whiteside v. Jennings, 19 Ala. 784; Vann v. Vann, 71 Ala. 154; McCalley v. Wilburn, 77 Ala. 549; Gillis v. White, 214 Ala. 22, 106 So. 166.

But the argument is here made in line with the dissenting opinion that those cases do not deal with a situation where there was an agreement that the administratrix should not be personally bound, but that only the estate should be so, though there is no liability on the part of the estate.

There are two theories bearing on the contention, one is that there may be a contemporaneous parol agreement shown to vary or affect the nature of the contract of irregular indorsement, and the other is that when one signs as did this indorser, it imports a prima facie personal liability, but that the defendant may show an intention by both the parties that she was not to be personally bound, and that this may be done by showing a contemporaneous parol agreement to that effect.

█ Since all presumptions are taken against the pleader on demurrer, we presume that defendant indorsed the note at the time of its delivery, so that the consideration for it was a sufficient consideration for the indorsement. Falkner v. Protective Life Ins. Co., 228 Ala. 57, 152 So. 34; Little v. People's Bank, 209 Ala. 620, 96 So. 763; Hamill v. McCalla, 228 Ala. 281, 153 So. 412; Dean v. Lyde, 223 Ala. 394, 136 So. 857; sections 9055, 9090, and 9093, Code.

█ It is also presumptively an accommodation, irregular indorsement, since the indorser was not the payee. Section 9055, Code. It has long been settled in Alabama that a regular indorser (that is, one who indorses to transfer the note) imports a well-defined contract, and that the nature of his liability cannot be varied or affected by any sort of parol agreement. Hullum v. State Bank, 18 Ala. 805; Day v. Thompson, 65 Ala. 269; Avery & Sons v. Miller, 86 Ala. 495, 6 So. 38. But that rule at one time in Alabama had a modification as applied to an irregular indorser, so that it could be shown by parol that his contract was intended by both parties to be not that of an indorser, but of a maker, surety, or guarantor. Carter v. Long, 125 Ala. 280, 28 So. 74; Holczstein v. Bessemer Trust & Savs. Bank, 223 Ala. 271, 136 So. 409, now changed by statute; section 9090, Code; O'Neal v. Peaden, 228 Ala. 21, 151 So. 877; O'Neal v. Clark, 229 Ala. 127, 155 So. 562, 94 A. L. R. 589; Copeland v. Keller, 221 Ala. 533, 129 So. 571.

His indorsement is a written obligation of a legally defined tenor, which cannot be varied or contradicted by a contemporaneous parol agreement to a greater extent than any other written contract. Gafford v. Tittle, 224 Ala. 605, 141 So. 653.

█ But there may be evidence of a collateral parol agreement about the same matter as that of the writing, which does not vary or contradict the writing, but shows the real consideration or the terms and conditions on which it is payable. Perkins Oil Co. v. Davis, 228 Ala. 190, 153 So. 417; Hardegree v. Riley, 219 Ala. 607, 122 So. 814.

█ And it may be shown that certain conditions must occur before the note shall be binding, though it is placed in the custody of the payee, but this does not mean that after it is effectual as a delivered instrument, its

unconditional tenor may be affected by a contemporaneous parol agreement. Section 9044, Code; Davenport & Harris Undertaking Co. v. Roberson, 219 Ala. 203, 121 So. 733.

But we are not here concerned with either of those principles.

■ Our decisions hold that when one signs an instrument, as defendant indorsed the note sued on, there is doubt on the face of the instrument whether it was intended to operate as the personal engagement of the party signing it, so that parol evidence is admissible to clear up that uncertainty and ambiguity, though without any such evidence, the prima facie meaning is to impose a personal liability. Section 9048, Code; Briel v. Exchange Nat. Bank, 172 Ala. 475, 55 So. 808; Spencer v. Blanke Mfg. & Supply Co., 220 Ala. 350, 124 So. 904; Holczstein v. Bessemer Trust & Savs. Bank, supra; Cotton v. Courtright, 215 Ala. 474, 111 So. 7; Lutz v. Van Heynigen Brokerage Co., 199 Ala. 620, 75 So. 284; May v. Hewitt, 33 Ala. 161.

But that principle seems now to be of little importance in view of the construction placed on section 9048, Code. New Ga. National Bank v. Lippman, 249 N. Y. 307, 164 N. E. 108, 60 A. L. R. 1344.

■ But when there is no authority to bind the principal, as when section 5830, Code, has not been observed, it is immaterial whether the intention was solely to bind the estate or not, and, although the instrument may show that to have been the intention, and though there is no ambiguity to that extent, the administratrix is personally bound (McCalley v. Wilburn, supra), unless the payee had knowledge of the fact that there was no authority to bind the principal (Ware v. Morgan, 67 Ala. 461), for in that event he knew he was getting an instrument not binding on any one. 2 Corpus Juris 809; Foster v. Featherston, post, p. 268, 160 So. 689; Schloss & Kahn v. McIntyre, 147 Ala. 557, 41 So. 11.

It is said that the modern trend of authority is that the agent is not liable on the contract which does not purport to be his, but on an implied warranty of the authority and competence of his principal, for damages resulting from the agent's misrepresentation of authority. Christensen v. Nielson, 73 Utah, 603, 276 P. 645; Mendelsohn v. Holton, 252 Mass. 362, 149 N. E. 38, 42 A. L. R. 1307, note 1310; 60 A. L. R. 1349, note.

Such was the rule in New York prior to the enactment of the Uniform Negotiable Instruments Law. But it has been held that by virtue of section 20 of that act (section 9048, Code of Alabama) the agent signing the name of his principal without authority, but with no intention to bind himself, is nevertheless so bound on the note itself as a duty imposed by law rather than on an implied warranty of authority as theretofore held. New Ga. Nat. Bank v. Lippman, 249 N. Y. 307, 164 N. E. 108, 60 A. L. R. 1344.

This is not only the statute of Alabama, but we have, without the statute, maintained the earlier rule of liability on the note rather than on an implied warranty. Gillis v. White, supra.

Proof of an intention to bind the estate only, manifested by extraneous circumstances, would have no more effect than if the terms of the instrument clearly so stipulated.

The plea does not allege that plaintiff had knowledge of a want of authority to bind the principal. In the absence of such knowledge, though there was an intention not to bind the defendant personally, that intention is not effective to that end. There is therefore presented by the complaint and plea 9, taken together, a situation where the written contract fixes a personal liability on defendant created by law. A contemporaneous parol agreement to the contrary would contradict its status thus created, in a manner not permitted by law. Gafford v. Tittle, supra.

We think, therefore, that there was no reversible error in respect to either contention made by appellant.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.