These appeals stem from a judgment in a jury trial awarding Plaintiffs $61,250 in a declaratory determination construing the rights and liabilities of the respective parties under an insurance policy. Defendants Mobile Insurance, Inc., and Auto Owners Insurance Company filed separate notices of appeal on December 10, 1982. Plaintiffs cross-appealed against both Defendants, seeking reversal and a new trial on the punitive damages issue, which had been foreclosed by the trial court's grant of Defendants' motions for directed verdict on Plaintiffs' counts for fraud and bad faith. Auto Owners paid the judgment in full, and Plaintiffs accepted the payment, on December 30, 1982, whereupon Auto Owners' appeal was dismissed.
The issue before us concerns the propriety of the appeal by Mobile Insurance and the cross-appeal by Plaintiffs following the satisfaction of the judgment. We hereby grant Mobile Insurance's motion to dismiss Plaintiffs' cross-appeal, deny Plaintiffs' motion *Page 896 
to dismiss the appeal by Mobile Insurance, and reverse and remand to the trial court with directions to enter judgment in favor of Mobile Insurance.
 FACTS
On August 6, 1978, Acie Dellmos Smith bought a Chevrolet Malibu. Subsequently, while driving this automobile, he was involved in an accident with Herbert Joseph Therrell and Ilene Deccie Therrell. On the date of the accident, September 22, 1978, Smith had an automobile insurance policy with Auto Owners. He had had that policy for several years. The insurance policy provided that, if Smith acquired an additional automobile which he sought to have insured under the policy, he must notify Auto Owners within thirty days from the acquisition of the automobile.
Mobile Insurance is an independent insurance agency which places insurance with several insurance companies, one of which is Auto Owners. The testimony is in conflict as to when the automobile was reported as an additional automobile. Smith reported the accident on September 25, 1978, by notifying Mobile Insurance, who related this information to Auto Owners, who then had an adjuster investigate the claim and take a statement from Mr. Smith and his wife. Following the statement, Auto Owners denied coverage to Smith on the basis that the automobile had not been reported as an additional automobile under the insurance policy within the thirty-day period as required by the policy.
Smith, having been denied coverage by Auto Owners for the accident, undertook to defend the law suit that had been filed against him by the Therrells. Thereafter, a verdict was rendered and judgment entered against Smith in the sum of $51,000. Smith then filed suit, with the Therrells aligned as Plaintiffs, for declaratory determination against Auto Owners and Mobile Insurance, which resulted in a jury verdict and judgment for Plaintiffs in the sum of $61,250. Mobile Insurance and Auto Owners filed separate notices of appeal. Plaintiffs cross-appealed; then Auto Owners paid, and Plaintiffs accepted, the full amount of the judgment. Auto Owners dismissed its appeal. Before this Court for determination are Plaintiffs' cross-appeal and the original appeal by Mobile Insurance.
 ISSUES
Preliminarily, we must determine whether, given the satisfaction of the judgment by Defendant Auto Owners, anything remains from which to appeal. Can Plaintiffs appeal the trial court's directed verdict against Plaintiffs' counts of fraud and bad faith? Additionally, can Defendant Mobile Insurance appeal the trial judge's denial of its motion for directed verdict?
 DECISION I. Plaintiffs' Cross-Appeal
Auto Owners tendered, and Plaintiffs accepted, the judgment amount, thereby satisfying the judgment. Therefore, because the judgment was satisfied, there is nothing from which Plaintiffs can appeal.
Plaintiffs attempt to persuade us that their claim for punitive damages is separate and distinct from their claim, and subsequent judgment, for compensatory damages. We find this contention without merit. It has long been the law in Alabama that a person can sue any number of parties, obtain a judgment against any one, or several of them, but can gain but one satisfaction. Plaintiffs cannot, and do not, dispute the fact that the judgment in this case has been paid and satisfied. Therefore, Plaintiffs' cross-appeal must be, and it hereby is, dismissed. Maddox v. Druid City Hospital Board, 357 So.2d 974
(Ala. 1978); Williams v. Colquett, 272 Ala. 577, 133 So.2d 364
(1961).
 II. Mobile Insurance's Appeal A. Motion to Dismiss
Counsel for Mobile Insurance contends that regardless of the satisfaction of the judgment by co-defendant Auto Owners, Mobile Insurance has the right to maintain its appeal. We agree. *Page 897 
Within the factual context there presented, this Court inMoore v. Cooke, 264 Ala. 97, 84 So.2d 748 (1956), said:
 "[T]he rule has long obtained in this state that the mere payment of a judgment by a judgment debtor does not work a waiver of the right of appeal. First Nat. Bank of Birmingham v. Garrison, 235 Ala. 94, 177 So. 631, and cases cited. See Freeman on Judgments, 5th Ed., § 1165, p. 2410. We think that principle has application here, for if it can be said that the record before us sufficiently shows a payment of the judgment from which this appeal is taken, it is conceded that such payment was made by the insurance carrier on the defendant's behalf." 264 Ala. at 100, 84 So.2d at 750.
Likewise, when faced with a similar situation, the California Supreme Court held in In re Merrill's Estate, 29 Cal.2d 520,175 P.2d 819 (1946), that where a money judgment makes two defendants jointly liable, voluntary satisfaction by one of them does not deprive the other of his right to appeal. The court added that "deprivation of the right to appeal ensues only when it is shown that the payment of the judgment was by way of compromise or with an agreement not to take or prosecute an appeal." 29 Cal.2d 524, 175 P.2d at 822. In Merrill, there was no voluntary satisfaction by the defendant seeking to appeal; rather, the judgment was paid by his co-defendant, without knowledge or consent on the part of the appealing defendant.
We are persuaded by the Moore, Garrison, and Merrill
decisions to deny Plaintiffs' motion to dismiss the appeal taken by Mobile Insurance; and we hold that a defendant is not precluded from appeal when a co-defendant pays and the plaintiff receipts payment in satisfaction of the judgment.
 B. Merits
Mobile Insurance contends that the judgment entered by the trial court is clearly contrary to the law in this State. Because Mobile Insurance is an admitted agent of Auto Owners, counsel for Mobile Insurance argues that the judgment cannot bind the principal, as well as the agent, under the principal's contract. We agree.
In Gillis v. White, 214 Ala. 22, 106 So. 166 (1925), this Court stated:
 "Where a complaint declares on a contract as made with the plaintiff by one of the defendants as the agent of another defendant, it states no cause of action against the agent defendant.
 "When one contracts merely as the agent of a disclosed principal, he binds either his principal or himself, but not both; and a joint action against both involves a practical as well as a legal anomaly.
 "If the principal was bound, as intended, the agent cannot be held liable on any principle of law or justice." 214 Ala. at 23, 106 So. at 167.
In Gillis, the purported agent was found not to be an agent at all, but, instead, was found to be an independent buyer of cotton. Thus, he was held liable under the contract negotiated by him on the "principal's" behalf.
The judgment obligating the agent on the principal's contract was reversed in Sealy v. McElroy, 288 Ala. 93, 257 So.2d 340
(1972). The Court said:
 "An agent is presumed to intend to bind his principal only and to incur no personal liability and unless an intention to substitute or superadd his personal liability for or to that of his principal is clearly shown, he will not be bound in his individual capacity. — 3 C.J.S. Agency § 215 b, p. 121. Certain it is that such an intention cannot be said to be clearly shown by the evidence in this case." 288 Ala. at 104, 257 So.2d at 350.
Likewise, no such intent can clearly be shown by the evidence in this case. The only policy of insurance introduced at trial was the policy of insurance between Smith and Auto Owners existing at the time of the accident. It was not contested that Mobile Insurance was acting as an agent for Auto Owners with respect to the policy of insurance in question.
No policy of insurance existed at any time, however, between Smith and Mobile Insurance. The facts that Mr. Smith's wife *Page 898 
dealt with Mobile Insurance over the phone, and that he mailed his premium checks to Mobile Insurance, do not serve to bind the agent on the principal's contract. The jury found, and the evidence supports the finding, that Auto Owners, as the only insurer, was bound on its contract of insurance. If Auto Owners, the principal, was bound, it logically follows that Mobile Insurance, the agent, cannot be so bound under the only theory stated against them — as insurer. Gillis, supra, andSealy, supra; see, also, Alabama Traction Co. v. Selma Trust Savings Bank, 217 Ala. 653, 117 So. 19 (1928).
We have not overlooked the nature of the Plaintiffs' claim barred from the jury's consideration by the trial court's directed verdict — the torts of fraud and bad faith. While, ordinarily, the contract rule of Gillis and Sealy, supra, does not operate with equal force in the respondeat superior tort context, where the agent's conduct, which renders the principal liable, necessarily binds the agent, an exception exists here, because a requisite element of the bad faith species of fraud is a breach of the payment provisions of the contract. Furthermore, Smith does not contend that he asserted any tort claim against Mobile Insurance other than on its tortious failure to honor the insurance contract as an insurer — a claim not supported by the evidence.
The trial court, therefore, erred in refusing to grant Mobile Insurance's motion for directed verdict on Count I, the only count submitted to the jury, because there was no evidence that Mobile Insurance was an insurer for Smith. Because Mobile Insurance was not an insurer for Smith, it follows that Mobile Insurance had no duty to defend Smith in the action filed against him by the Therrells. The judgment of the trial court against Mobile Insurance is hereby reversed, and the case is remanded with instructions for the trial court to enter judgment for Defendant Mobile Insurance.
82-279, REVERSED AND REMANDED WITH INSTRUCTIONS; 82-285, APPEAL DISMISSED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.