# Babcock *v.* Carter, *et al.*

*Bill in Equity by one Surety to compel Contribution by his Co-surety.*

1. *Bonds ; when they become operative ; signature on Sunday without delivery does not invalidate bond.*—A bond becomes operative, not upon its signature by the makers thereof but upon its delivery ; and, therefore, a supersedeas bond, which is signed by the makers on Sunday, but which is not delivered until a week day, is not invalid.

2. *Same ; same ; when bond intended to be a statutory bond binding as a common law obligation.*—Where a bond, though intended to be taken in compliance with the statute, is not sufficiently so to be valid under the statute, if voluntarily executed and not in violation of law and founded on a valuable consideration, it will be considered a binding common law obligation.

3. *Same ; same ; supersedeas bond.*—Where a supersedeas bond is made payable to the clerk of the court instead of the plaintiff in the judgment, as is required by statute (Code of 1886, § 3624; Code of 1896, § 441), such departure from the statute does not render the bond void, but it may be enforced as a common law obligation.

4. *Supersedeas bond ; in whose name suit thereon should be brought.* A supersedeas bond not being a contract for the payment of money only, is not within the influence of the statute (Code of 1886, § 2594; Code of 1896, § 28), requiring suits to be prosecuted in the name of the party really interested, whether he has a legal title or not ; and where such a bond is made payable to the clerk of the court instead of to the plaintiff in the judgment, the suit upon such bond should not be in

the name of the plaintiff in the judgment, but in the name of the clerk for the use of such plaintiff; but the institution of the suit in the name of the plaintiff in the judgment instead of in the name of the clerk for the use of such plaintiff, is a mere informality, curable by amendment upon demurrer interposed, and if the defendant does not demur, the judgment rendered is not invalid by reason of such informality.

5. *Evidence; admissibility of record as evidence.*—In a suit by a surety on a supersedeas bond for contribution from his co-sureties, the record of the judgment recovered against the complainant to which the defendants are not parties, is admissible in evidence to prove that such judgment was rendered and by way of inducement to the evidence that he had paid the debt on which it was founded, and for which the defendants were bound as co-sureties with the complainant.

6. *Chancery pleading and practice; objection to evidence.*—In a suit in chancery, objections to the admissibility of evidence should be reduced to writing, and the reference to them should be incorporated in a note of submission, or they should be otherwise directly called to the chancellor's attention; and if this is not done and the chancellor fails to notice them, the presumption is indulged that they are waived.

APPEAL from the Chancery Court of Crenshaw.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellants againts the appellees, and sought contribution from the defendants to the complainants, for the reimbursement of moneys which he had paid in satisfaction of a bond, which he, together with the defendants and others, had executed. This bond was a *supersedeas* bond, given by J. C. Giddens and the complainant and defendants as his sureties, to obtain an appeal to the Supreme Court from a judgment which one R. E. Bolling had recovered against the said J. C. Giddens. The bond was made payable to O. Worthy, the clerk of the circuit court, and was conditioned that the said Giddens should prosecute to effect the appeal he had taken, and should pay all costs and damages which any party should sustain by reason of the wrongful appeal or suspension of the execution of the judgment, which had been obtained against him. The other material facts of the case are sufficiently stated in the opinion.

On the submission of the cause on the pleadings and proof the chancellor decreed that the complainant was not entitled to the relief prayed for, and ordered his bill

dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

PARKS & HARMON, for appellant.—The complaint in the circuit court in favor of R. E. Bolling v. H. T. Babcock, in the suit on the bond, could have been amended by adding the name of O. Worthy, clerk, for the use of R. E. Bolling.—Code of 1886, § 2833, and authorities cited in note; *Harris v. Plant*, 31 Ala. 639; *Johnson v. Martin*, 54 Ala. 271; *Caldwell v. Smith*, 77 Ala. 157; *Dane v. Glennon*, 72 Ala. 160; *Humphries v. Dawson*, 38 Ala. 199.

It is not contended that Babcock had any meritorious defense to the suit against him. Every defense as to any of the defendants or co-sureties on the bond as alleged in the answer, is absolutely without merit on the equities of the case, and it was not necessary for the complainant, Babcock, to have permitted himself to be sued; he could have paid the joint liability of the parties to the bond, and demanded contribution, without suit; but in this case the defense suggested, viz., that the suit should have been brought in the name of O. Worthy for the use of Bolling, amounted to nothing, as above shown, for the complaint could have been amended. And Babcock was not bound to make this technical unavailing defense.—*Jenkins v. Lockard*, 66 Ala. 377; *Owen v. McGehee*, 61 Ala. 440; *Stallworth v. Preslar*, 34 Ala. 505; *Broughton v. Wimberly*, 65 Ala. 549; *Aldrich v. Aldrich*, 56 Vt. 324, 48 Amer. Rep. 791; 3 Brick. Dig., 715, § 47.

The judgment obtained against the complainant is relevant and competent evidence against the defendants to show a breach of the supersedeas bond, signed by the defendants as co-sureties of the complainant.—*Vandiver v. Pollak*, 107 Ala. 547; *Pickett v. Pipkin*, 64 Ala. 520; *Love v. Gibson*, 2 Fla. 598; *Malin v. Bull*, 13 Serg. & R. 441; *Jenkins v. Lockard*, 66 Ala. 377; *Owen v. McGehee*, 61 Ala. 440; 3 Brick. Dig., 715, § 47.

GAMBLE & BRICKEN and D. M. POWELL, *contra*, cited *Smith v. Mutual L. & P. Co.*, 102 Ala. 282.

BRICKELL, C. J.—The original bill, in which the appellant was complainant, was filed to compel the de-

fendants, the appellees, his co-sureties, to contribute to his reimbursement of moneys he had paid in satisfaction of the common obligation or liability. By way of plea, incorporated in the answer, the defendants alleged in defense, that the bond, constituting the common liability, was executed by them on Sunday. Much of the evidence introduced by the defendants, was in proof of the fact, that the bond was signed by them on Sunday, and the record is not without indications, that the stress of controversy in the court below was, whether the fact of the signing on Sunday, did not render the bond invalid as to the defendants. However that may be, the uncontradicted evidence is, that the bond was delivered on a week day to the clerk of the court, to whom it was payable, and by whom it was approved, and by the approval accepted. Until the delivery, the bond did not pass from the dominion of the signers—it was of no force, creating no liability; there remained to each of the signers, the *locus penitentiae*, and he could have intercepted the delivery, preventing it from becoming a contract or obligation. To have rendered it subject to the interdiction of the statute, it must not only have been signed, but delivered on Sunday.— *Flanagan v. Meyer*, 41 Ala. 132; *Lovejoy v. Whipple*, 18 Vt. 379; s. c. 46 Am. Dec. 157.

The bond should have been made payable to Bolling, the plaintiff in the judgment, execution of which was superseded, and not to Worthy, the clerk of the circuit court—this is the requirement of the statute.—Code of 1886, § 3624 (Code of 1896, § 441). This departure from the statute does not render the bond void. The principle is familiar, and has been of frequent application to bonds taken by ministerial officers in the course of judicial proceedings, and intended to be taken in compliance with statutory requirements, though departing from them, may be valid as common law obligations; and will be, if voluntary, founded on a valuable consideration, and not in condition violative of law.—1 Brick. Dig., 309, § 46; 3 Brick. Dig., 98, §§ 1, *et seq*. The action on the bond, in which the judgment against the appellant was recovered, ought to have been instituted and prosecuted not in the name of Bolling only, but in the name of Worthy for the use of Bolling. The bond was payable to Worthy, and not being a contract

for the payment of money only, was not within the influence of the statute, (Code of 1886, § 2594; Code of 1896, § 28), requiring suits to be prosecuted in the name of the party really interested, whether he has the legal title or not. This was a were informality, capable of being cured by an amendment of the complaint, if objected to, at any time before judgment.—*Dwyer v. Kennemore*, 31 Ala. 404; *Harris v. Plant, Ib.* 639; *Johnson v. Martin*, 54 Ala. 271; *American Union Tel. Co. v. Daughtery*, 89 Ala. 191. If the amendment had been made, Bolling would have been considered the only party on the record (Code of 1886, § 2595; Code of 1896, § 29), and he alone could have received satisfaction of the judgment. A demurrer because of the informality, the appellant could have interposed, but in no event, would it have been availing for any other purpose than mere delay; and the result would have been, that a judgment having the same legal operation and effect of that which was rendered, would have been rendered.

The graver question is, whether it is shown that the common liability had accrued, becoming an existing cause of action, before the appellant made the payment to Bolling. The liability was contingent, it could not ripen into an absolute liability, until there was a breach of the condition—the failure of the principal Giddens to prosecute to effect the appeal he had taken to this court. The purpose of the appeal was the reversal of the judgment rendered by the circuit court—and the reversal was the effect to which the principal was bound to prosecute the appeal, otherwise, the condition of the bond was broken, and the liability of the parties upon it was freed from all contingency. It is rather suggested, than insisted in the argument of counsel, that the bill avers that the appeal was prosecuted to effect. The averment, if it is not, as it appears in the record before us, a mere clerical error in transcribing, is rather loose and uncertain; but taken as a whole, it can not be fairly interpreted as averring that the appeal was prosecuted to effect; for the controlling part of it is the clear, unequivocal statement of the affirmance in this court of the judgment from which the appeal was taken.

The unverified answer of the defendants, by a mere disclaimer of all knowledge or information of the alleged affirmance of the judgment of the circuit court, puts in

issue the breach of the condition of the bond, casting the burden of proving it on the appellant. We were inclined to the opinion that the fact was not shown by the evidence found in the record. A more thorough examination leads us to a different conclusion.

The hearing was on the pleadings, exhibits, and testimony, as noted by the register. The complainant offered in evidence the deposition of himself and of O. Worthy, and the exhibits attached, and the depositions of R. O. Lawrence and J. C. Giddens. The defendants offered in evidence, the depositions of S. D. May, A. L. Carter, H. S. Carter and J. A. Giddens. The original bill had annexed as exhibits, a copy of the bond, and a copy of the judgment rendered thereon against the appellant. The deposition of the complainant stated fully the bringing of the suit against him alone, the rendition of the judgment, annexing as an exhibit a certified copy of it, the satisfaction of the judgment, and annexes a copy of the receipt taken from the attorney of the plaintiff. There is no necessity for a reference to the other evidence, for it is not in disputation of the fact of the suit, nor of the rendition of the judgment against the complainant, nor of its satisfaction.

The judgment against the complainant was clearly admissible to prove the fact of its rendition, and by way of inducement to the evidence that the liability on which it was founded, and for which the defendants were bound as co-sureties with the complainant, had been paid by the latter.—*Preslar v. Stallworth*, 37 Ala. 204. Whether it was evidence, *prima facie*, or conclusive, of the existence of the common liability—that there had been a breach of the condition of the bond—it is not now necessary to consider. It was offered and received in evidence, not only to prove the fact of its rendition, and not only by way of inducement to the evidence of its satisfaction, but as evidence of every material fact involved in its rendition. There was no objection to its introduction; no request that it should in any wise be limited to any particular purposes. Nor is it now insisted, that the judgment is not evidence of the existence of the common liability. The insistence is, that Bolling was without right to sue on the bond, and if the appellant had properly defended, he could have defeated the suit; an insistence we have already considered. Parties in chancery,

must reduce to writing objections to the admissibility of evidence, incorporating them in the note of submission, or otherwise calling them directly to the attention of the chancellor, or the presumption arises, that all such objections are waived.—*Seals v. Robinson*, 75 Ala. 363; *Binford v. Dement*, 72 Ala. 491.

·We conclude, that no one of the matters of defense preferred.by the answer, is availing, and that the evidence entitled the complainant to relief.

The decree must be reversed, and the cause remanded, for further proceedings in conformity to this opinion.

Reversed and remanded.