[Nixon, *et al.* v. Bolling.]

# Nixon, *et al.* *v.* Bolling.

## *Bill to Abate Continuing Nuisance.*

(DECIDED FEB. 1, 1906, 40 So. REP. 210.)

1. *Appeal and Error; Failure to Give Supersedeas Bond.*—The failure of respondent to give a supersedeas bond, and the fact that he has satisfied the decree by a performance of its mandatory order, does not prevent his appeal from a final decree granting complainant the relief prayed.

2. *Same; Performance of Decree.*—The performance of a mandatory decree is not such a voluntary satisfaction of the judgment in such a sense as to amount to a waiver of the right of appeal.

3. *Nuisance; Abatement; Chancery Jurisdiction.*—A court of equity has jurisdiction to abate a continuing nuisance by injunction.

APPEAL from Marshall Chancery Court.
Heard before Hon. W. H. SIMPSON.

[Nixon, *et al.* v. Bolling.]

This was a bill filed by appellee against appellant to abate a continuing nuisance. The prayer of the bill was to forever enjoin the defendant from again or further obstructing water channels or constructing or creating any further embankment, dams, or dykes for the obstruction of the flow of waters from the said lands of the complainant into Brown's Creek as they have always naturally flowed. And for such damages as the complainant was entitled to for the injury already suffered by him. The allegation of the bill are briefly that complainant owned certain lands through which certain streams of water flowed and emptied into what is known as Brown's Creek; that complainant's lands was more elevated than defendant's lands, and that the natural flow of water in times of rains, ordinary and extraordinary, was from complainant's land on to respondent's lands. That respondents constructed on their land embankments and wire fences which caught the debris and trash and banked up the water so that it flowed back upon complainant's land. That in one of the streams, after it flowed on to defendant's land, the defendant had felled and placed in the bed of the stream a large number of trees causing the waters to stop in their flow and to back upon and overflow complainant's land. That across the other stream defendant had constructed a dyke which caused the water to overflow complainants land. That on account of said obstruction, the waters in the stream and the waters which accumulated upon complainant's land and naturally flowed upon defendant's land in time of rain, were obstructed and turned back upon complainant's land, and caused to accumulate there, greatly injuring and damaging complainant's land. There was a decree granting the relief prayed for and from this decree and without superseding it and after performing the mandatory order of the court, respondent prosecuted this appeal to this court. Upon the ground that the mandatory order of the court has been performed by respondent, and no supersedeas bond had been filed, the appellee moved this court to dismiss the appeal.

STREET & ISBELL, for Appellant.—There.is no merit in the motion to dismiss the appeal.—2 Am. & Eng. Ency.

[Nixon, *et al.* v. Bolling.]

P. & P. pp. 181-182; 2 Cyc. p. 647-648; *State v. Conkling*, 45 Am. State Reports, 270 and note; *O'Hara v. McConnell*, 93 U. S. 154, 23 Law. Ed. 840.

The law applicable in this case is quite simple and is sufficiently stated in the following cases.—*Hughes v. Anderson*, 68 Ala. 280; *Ninninger v. Norwood*, 72 Ala. 280; *Crabtree v. Baker*, 75 Ala. 91; *Savannah A. & M. Ry. Co. v. Buford*, 106 Ala. 302.

JOHN A. LUSK, for Appellee.—The appeal should be dismissed, the party appealing having complied with the judgment of the court.—2 Cyc. p. 644, 656; 2 Am. & Eng. Ency. P. and P., pp. 174-175; 25 Ala. 463; 54 Ala. 354; 60 Ala. 369.

The jurisdiction of a court of equity to enjoin a nuisance compelling its abatement is well established.— *Ninninger v. Norwood*, 72 Ala. 277; *Crabtree v. Baker*, 75 Ala. 92; *Farris v. Dudley*, 78 Ala. 124; *Roberts v. West*, 126 Ala. 355; 47 Am. Rep. 412; 56 Ib. 24. The upper tract has natural easement on the lower for the discharge of all waters falling or accumulating from natural causes on the surface and any interference or obstruction of it by the owner of the lower tract is a private nuisance which the court of equity will enjoin and abate.—*Ninninger v. Norwood*, supra; *Mizell v. McGowan*, 85 Am. St. Rep. 705; *Sanguinetti v. Pock*, 89 Ib. 169; *Debaker v. S. C. R. R. Co.*, 46 Ib. 237. Having assumed jurisdiction to abate the nuisance, the court will proceed to do complete justice and settle all damages.— *Whaley v. Wilson*, 112 Ala. 627.

DOWDELL, J.—The bill in this case is filed to abate a nuisance. The appeal is taken from a final decree of the chancery court granting the complainant the relief prayed for. Motion is made by the appellee to dismiss the appeal, for that, since the taking of the same, the appellants, respondents in the court below, have satisfied the decree by a performance of its mandatory order. In taking the appeal the respondents had the right to supersede the execution of the decree by the giving of the supersedeas bond prescribed by the chancellor, but the

failure to give such bond did not take away their right of appeal. The failure to give such supersedeas bond left the respondents with the alternative of performing the decree or of being held in contempt for non-performance. Under these circumstances the performance by the respondents of the decree cannot be regarded as a voluntary performance in the sense which would render a voluntary satisfaction of a judgment a waiver of the appeal. See authorities cited in note to the case of *State v. Conkling*, (Kan.) 37 Pac. 992, 45 Am. St. Rep. 270; 2 Cyc. pp. 647, 648. The motion to dismiss the appeal must be overruled. The jurisdiction of a court of equity to enjoin a continuing nuisance and compelling its abatement is too well settled to admit of question.— *Ninninger v. Norwood*, 72 Ala. 277, 47 Am. Rep. 412; *Farris v. Dudley*, 78 Ala. 124, 56 Am. Rep. 24; *Crabtree v. Baker*, 75 Ala. 92, 51 Am. Rep. 424; *Roberts v. Vest*, 12 Ala. 355, 28 South. 412.

The cause was submitted to the chancellor on the pleadings and proof, and his conclusions of fact on the evidence is asked to be reviewed. The evidence in the case is quite voluminous, and while there are many conflicts in the testimony of witnesses it would subserve no good end for us here to enter upon a detailed discussion of the evidence. We have carefully considered the same, and we are fully persuaded that the chancellor was right in his findings as to the facts, and we concur in his conclusion. The decree will be affirmed.

Affirmed.

TYSON, SIMPSON, and ANDERSON, JJ., concur.