177 So. 631

### FIRST NAT. BANK OF BIRMINGHAM v. GARRISON.

6 Div. 182.

Supreme Court of Alabama.

Dec. 16, 1937.

Cabaniss & Johnston and L. D. Gardner, Jr., all of Birmingham, for appellant.

J. L. Drennen, of Birmingham, for appellee.

KNIGHT, Justice.

This cause has been before this court on two former appeals. Garrison v. First National Bank of Birmingham, 231 Ala. 71, 163 So. 624, and Garrison v. First National Bank of Birmingham, 233 Ala. 687, 173 So. 88, 90.

On last appeal, the cause was again reversed, and remanded to the lower court, *"with directions to enter a judgment in favor of the plaintiff against the garnishee."*

When the case came again before the circuit court, the court entered a judgment in the following words:

"On this the 2nd day of April, 1937, came the plaintiff by his attorneys, also came the garnishee, First National Bank of Birmingham, and in compliance with directions of Supreme Court that 'inasmuch as it appears of record that the suggested claimant has been duly cited and has appeared and filed a claim and has withdrawn her said claim, and it further appearing that the plaintiff has recovered a judgment against the defendant, the plaintiff is entitled to a judgment against the garnishee', now, therefore,

"It is ordered and adjudged by the Court that the plaintiff have and recover of the garnishee, First National Bank of Birmingham, Alabama, the sum of Two Thousand Three Hundred Eighteen & 31/100 ($2,-318.31) Dollars, that being the amount of said garnishee's indebtedness to defendant as disclosed by its answer, besides all costs in proceeding between plaintiff and garnishee, and that execution issue accordingly. Garnishee excepts.

"It is further ordered and adjudged by the Court that the payment of this judgment by the garnishee or any part thereof shall be a payment pro tanto on the judgment against the defendant."

Upon the rendition of this judgment by the circuit court, the First National Bank of Birmingham paid the judgment and then took an appeal from said judgment to this court. This appeal is now before the court.

The appellee, in advance of a submission of the case on its merits, has filed and submitted here a motion to dismiss the appeal, assigning a number of grounds; the chief or principal ground being that, in entering the judgment in the circuit court, that court performed a mere *ministerial* act, inasmuch as this judgment was entered in compliance with the mandate of this court; that in appealing from such judgment, the appellee is but attempting to have here a second rehearing of the issues involved.

It may well be conceded that appellant's real purpose is to obtain a second rehearing of the cause, but this fact will present no obstacle to such reconsideration if, under the law in this state, the appellant is entitled to prosecute the appeal. Code, § 10287.

It must be conceded, also, that this court did not proceed, on last appeal, to render *any final judgment* against the said First National Bank of Birmingham, but directed that the circuit court should render the judgment. Until that judgment was, in fact, rendered by the circuit court, there was no judgment, certainly no final judgment, against any one.

Of course, the "directions to enter a judgment in favor of the plaintiff against the garnishee" necessarily involved the *judicial ascertainment* by the lower court of the amount of the judgment to be entered. The judgment, when the amount was as-

certained and fixed, became the final judgment of the court. To hold that such a judgment was not appealable might lead to great injustice. The *ascertainment* of the amount of the judgment necessarily involved the exercise of judicial powers by the court, and not merely ministerial acts. Therefore, appeal, not mandamus, would be the only remedy. If appeal will not lie, either party might suffer from an improper ascertainment, with no right of review open to him. To illustrate, suppose the circuit court should, under directions of this court to enter judgment for one of the litigants, proceed to ascertain and fix the amount of that judgment largely in excess of the proper amount, would there be no appeal for such an one? Would he be remediless?

Or, suppose the circuit court should, under similar directions, enter the judgment for an amount less than the proper amount, would the aggrieved party have no way to correct the error?

In many of the states the "law of the case" rule is adhered to, but in those cases, an appeal will lie to correct errors of the trial court in attempting to carry into effect the mandate of the higher court. If the lower court has proceeded in substantial conformity to the directions of the appellate court, its action will not be questioned on a second appeal. This results from the fact that in such states, where the "law of the case" rule is adhered to, the former decision, whether right or wrong, is the law of the case. 5 Corpus Juris Secundum, Appeal and Error, §§ 1823, 1824. But it seems generally held in those states where the "law of the case" rule applies, that where the lower court has failed to comply substantially with the mandate of the appellate court an appeal will lie. Randall v. Duff, 107 Cal. 33–36, 40 P. 20, and Lambert v. Bates, 148 Cal. 146, 82 P. 767.

In the case of Popp v. Inheritance Tax Collector, 148 La. 663, 87 So. 508, the Supreme Court of Louisiana had, on a former appeal, reversed the case, and held that the inheritance tax collector was entitled to recover, and remanded the case with' directions to the lower court to proceed in accordance with the views there expressed. After judgment entered by the lower court on the remandment, there was an appeal by the taxpayer. In the Supreme Court, the appellee, inheritance tax collector, moved to dismiss the appeal on the ground that all issues involved were determined by the decision on the first appeal, and, under the

"law of the case" rule obtaining in Louisiana, were not open to reconsideration. In passing upon this motion, the Supreme Court of Louisiana held that the judgment appealed from possessed all the attributes of a final judgment appealable to that court, and denied the motion to dismiss.

Section 6078 of the Code provides: "From any final judgment or decree of ·the circuit court, or courts of like jurisdiction, or probate court, except in such cases as are otherwise directed by law, an appeal lies to the supreme court, for the examination thereof as matter of right, on the application of either party, or his personal representative; and the clerk, register, or judge of probate, must certify the fact that such appeal was taken, and the time when, as· part of the record, which gives the supreme court jurisdiction of the case."

Section 10287 of the Code provides: "The supreme court, in deciding each case when there is a conflict between its existing opinion and any former ruling in the case, must be governed by what, in its opinion at that time is law, without any regard to such former ruling on the law by it; but the right of third persons, acquired on the faith of the former ruling, shall not be defeated or interfered with by or on account of any subsequent ruling."

The effect of this last-stated statute was declared in the case of Moulton v. Reid, 54 Ala. 320. It was there observed, in an opinion by Chief Justice Brickell: "For more than forty years, the conservative rule on which this court proceeded, was, that an opinion of this court, however erroneous, was the law of the case in which it was rendered, and could not be questioned in the primary court, *or on a second appeal.* - [Italics supplied]. The rule was sometimes applied to the affirmance of judgments, working great individual hardship and injustice. The legislature not only abrogated the rule, but expressly commands this court, if the case returns here on a second appeal, to pronounce judgment, without regard to the former ruling, if that is deemed erroneous." This statute entirely changed the rule prevailing at common law. Stoudenmire v. DeBardelaben, 85 Ala. 85, 4 So. 723.

In the case of Bank of Luverne v. Reddoch et al., 211 Ala. 699, 100 So. 922, it was observed: "Per Curiam. This is the second appeal in this case, and the decree from which this appeal was taken conformed to the opinion of the court. 207 Ala.

297, 92 So. 848, 25 A.L.R. 381. This appeal, therefore, involves the soundness of said opinion, and is in the nature of a second application for rehearing. The former appeal was carefully considered by the section of the court then sitting on the original hearing and upon rehearing and has been duly considered by the other section, before whom the second appeal was argued, and while we are not unmindful of section 5965 of the Code, providing that the former opinion must not be regarded as conclusive, we think that the same is sound and adhere thereto. The decree of the circuit court is affirmed. Affirmed."

To like effect is the holding of this court in the case of Kinney v. White et al., 215 Ala. 247, 110 So. 394.

There is, therefore, no merit in the above-stated ground of the motion to dismiss the appeal.

It is also insisted that by paying the amount of the judgment, the appellant, garnishee, waived its right to appeal from the judgment, thus satisfied, and have a review of the same in this court. This contention is without merit. The rule has long obtained in this jurisdiction that mere payment of a judgment, or obedience to the mandate of the court, works no waiver of the right of appeal. The performance of a mandatory decree is not a voluntary satisfaction of the judgment in such a sense as amounts to a waiver of the right of appeal. Nixon et al. v. Bolling, 145 Ala. 277, 40 So. 210; Johnson v. State, 172 Ala. 424, 55 So. 226, Ann.Cas.1913E, 296; Ex parte Walter Brothers, 89 Ala. 237, 7 So. 400, 18 Am.St.Rep. 103, and Duncan v. Ware's Executors, 5 Stew. & P. 119, 24 Am.Dec. 772.

And it only remains to be said that appellant, garnishee, is given the right of appeal by section 8085 of the Code.

A judgment against the garnishee in favor of the plaintiff possesses all the qualities of "finality and conclusiveness" of a judgment rendered in any other civil suit. Steiner Bros. v. First National Bank of Birmingham, 115 Ala. 379, 22 So. 30.

Our conclusion is that the motion to dismiss should be overruled, and it is so ordered.

Motion to dismiss overruled.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.