180 So. 339

## JACKSON SECURITIES & INVESTMENT CO. v. A. PAUL GOODALL REAL ESTATE & INS. CO.

### 6 Div. 300.

Court of Appeals of Alabama.

April 5, 1938.

Wm. H. Ellis and Murphy, Hanna, Woodall & Lindbergh, all of Birmingham, for appellant.

Amzi G. Barber and Hugh Barber, both of Birmingham, for appellee.

SAMFORD, Judge.

On the 30th day of December, 1937, the A. Paul Goodall Real Estate & Insurance Company, as plaintiff, recovered a judgment in the circuit court of Jefferson county against the Jackson Securities & Investment Company, a corporation, as garnishee, for the sum of $566.84. From this judgment the Jackson Securities & Investment Company prayed and obtained an appeal from said judgment to this court, executing an appeal bond, as required by law, superseding the judgment, and a certificate of the appeal was, by the clerk, forwarded to this court and here filed on February 2, 1938.

The certificate of appeal, duly authenticated by the clerk of the court, discloses a final judgment in favor of the plaintiff as against the garnishee in the sum of $566.84. The certificate further shows that, on the 20th day of January, 1938, the garnishee filed its appeal bond to this court setting out the surety, and further that the attorneys of record for the plaintiff had received notice.

The appellee, in advance of a submission of the case on its merits, has filed and submitted here a motion to dismiss the appeal, assigning a number of grounds; the chief ground being that, in entering the judgment in the circuit court, that court performed a mere ministerial act, inasmuch as this judgment was entered in compliance with the mandate of this court; that, in appealing from such judgment, the appellant is but attempting to have here a second rehearing of the issues involved; that the attempted appeal in this cause is without authority of law, and is made for the purpose of delay and is frivolous, and same should be, by this court, discontinued and dismissed, setting out 41 separate grounds, all to the same purpose.

This case has once before been before this court (A. Paul Goodall Real Estate & Ins. Co. v. Jackson Securities & Investment Co., 177 So. 650),[1] in which case this court reversed the judgment of the circuit court and remanded the cause for an order "not inconsistent with our holding"; which holding was to the effect that the plaintiff was entitled to recover as against the garnishee on its answer.

The appellee, in its motion to dismiss filed February 2, 1938, set out in extenso the judgment rendered by the circuit court in response to the mandate of this court,

---

[1] Ante, p. 21.

and contends that said judgment will not support an appeal.

 As was said by Mr. Justice Knight in First Nat. Bank of Birmingham v. Garrison, Ala.Sup., 177 So. 631, 632:[2] "It may well be conceded that appellant's real purpose is to obtain a second rehearing of the cause, but this fact will present no obstacle to such reconsideration if, under the law in this state, the appellant is entitled to prosecute the appeal."

The "law of the case" as it exists in some states has been abrogated to some extent by section 10287 of the Code of 1923, where it is declared that the Supreme Court, in deciding each case when there is a conflict between its existing opinion and any former ruling in the case, must be governed by what, in its opinion at that time, is law, without regard to such former ruling on the law by it.

The direction of this court to the circuit court that it enter a judgment in favor of the plaintiff against the garnishee, necessarily, involved the judicial ascertainment by the lower court of the amount of the judgment to be entered, which, when entered, became the final judgment in the case; and from which, by direct authority, an appeal lies to this court. Code 1923, § 8085.

If the mandate of this court in the original case had been specific in detail, leaving nothing of a judicial nature for the circuit court to ascertain, mandamus would have been the proper remedy, but in the instant case, details of the judgment complying with the mandate of the Court of Appeals were to be judicially ascertained, and when such judgment was entered the garnishee had a right, under the statute, to have the same reviewed by this court. First Nat. Bank of Birmingham v. Garrison, Ala.Sup., 177 So. 631;[2] Code 1923, §§ 6078, 6133, 8085.

Supreme Court Rule 18 has no application to the case at bar, for the very good reason that there is no record of the case filed in this court, other than the certificate of the clerk that an appeal had been taken and a copy of an appeal bond. Rule 18 presupposes the filing of a copy of the record, that it may be inspected by the court, who will, upon such inspection, determine whether the appeal is taken for delay or whether it is frivolous. It appears, therefore, that a motion to affirm under Supreme Court Rule 18 is prematurely made.

The motion to dismiss the appeal is overruled.

