184 So. 344

## JACKSON SECURITIES & INVESTMENT CO. v. A. PAUL GOODALL REAL ESTATE & INS. CO.

### 6 Div. 300.

Court of Appeals of Alabama.

June 21, 1938.

Rehearing Denied Oct. 4, 1938.

Murphy, Hanna, Woodall & Lindbergh and Wm. H. Ellis, all of Birmingham, for appellant.

Amzi G. Barber and Hugh Barber, both of Birmingham, for appellee.

SAMFORD, Judge.

This is the second appeal in this case. The proceedings originally presented were commenced by garnishment on judgment rendered by the Circuit Court of Jefferson County, Alabama, wherein this appellee was plaintiff and J. H. Vaughan was defendant, and this appellant was the garnishee. The judgment upon which the writ of garnishment was issued was dated January 20th, 1932. The writ of garnishment was served by the Sheriff of Jefferson County, on the appellee on the 18th day of January, 1937. The appellant answered said garnishment that it was not indebted to the defendant therein on the 2nd day of February, 1937. On the 4th day of February, 1937, the appellee objected to the said written answer of the appellant and the appellant was ordered by the court to submit to an oral examination on the 5th day of March, 1937. After the oral examination was had on the 5th day of March, 1937, the court ordered that the appellant "is hereby discharged and garnishment dismissed, and that plaintiff be taxed with all costs, herein accrued for which execution may issue."

The plaintiff then took his appeal from this judgment to this court on the 16th day of November, 1937, 177 So. 650,[1] and the judgment was reversed "and the cause remanded for an order not inconsistent with our holding" (page 651); and on December 30, 1937, the trial court made and entered a judgment against the garnishee in the fixed sum of $566.84. On the 20th day of January, 1938, an appeal was taken from said final judgment of $566.84 by this appellant, Jackson Securities & Investment Company. On the 2nd day of February, 1938, the appellee, A. Paul Goodall Real Estate & Insurance Company, filed its motion to dismiss said appeal. This motion was overruled, and in the opinion rendered on said motion this court held that "the certificate of appeal, duly authenticated by the clerk of the court, discloses a final judgment in favor of the plaintiff as against the garnishee in the sum of $566.84," ante, p. 173, 180 So. page 341. That final judgment now comes on to be reviewed in this appeal.

On former appeal (A. Paul Goodall Real Estate & Insurance Co. v. Jackson Securities and Investment Co.) this court passed upon the facts in that appeal, reversed the judgment of the lower court and held that plaintiff was entitled to recover, and the cause remanded "for an order not inconsistent with our holdings."

It is now insisted by this appellant that this court shall again review the facts as presented by the bill of exceptions in the first appeal, without a bill of exceptions duly signed and authenticated in the present appeal.

The bill of exceptions used on former appeal has served its purpose, and is functus officio. That bill of exceptions as here presented cannot be considered on this appeal, and therefore the motion of appellee to strike the same must be granted.

The reversal of a judgment restores the parties to the condition in which they stood before it was rendered, and until another judgment is rendered in the lower court, based upon the facts, no execution could issue and no appeal could be taken. Simmons v. Price, 18 Ala. 405.

As was said by Mr. Justice Knight in First National Bank of Birmingham v. Garrison, 235 Ala. 94, 177 So. 631, 632: "The 'directions to enter a judgment in favor of the plaintiff against the gar-

---

nishee' necessarily involved the *judicial ascertainment* by the lower court of the amount of the judgment to be entered. The judgment, when the amount was ascertained and fixed, became the final judgment of the court. To hold that such a judgment was not appealable might lead to great injustice. The *ascertainment* of the amount of the judgment necessarily involved the exercise of judicial powers by the court, and not merely ministerial acts." The above is the language of the Supreme Court, speaking through Knight, Justice, which seems to us to state the rule as clearly as can be. We might add, that it was for the lower court, following the rulings of this court, to render a judgment for the plaintiff, the amount of that judgment being dependent upon the facts before the trial judge at the time of its rendition. In the absence, therefore, of a bill of exceptions, showing to this court what those facts were, we must presume that the lower court had such facts before it as would justify the fixing of the amount in accordance with the judgment rendered.

It is very frankly stated by appellant's counsel that this appeal is an effort on his part to have a second rehearing of the original case, and taking the expression of the Supreme Court in First National Bank of Birmingham v. Garrison, supra, it would appear that under proper conditions such reconsideration might be had, but certainly no such reconsideration can be had without a bill of exceptions upon which is based the judgment from which the appeal is taken.

It is contended by this appellant that the judgment for $566.84 is not in conformity to the former order of this court. This position is not tenable. The judgment on former appeal was reversed and the cause was remanded so that the trial court might ascertain and render judgment for the correct amount. In the absence of the bill of exceptions, we must presume that the trial court had such facts as justified the amount fixed in the final judgment from which is this appeal.

We find no error in the record, and the judgment is affirmed.

Affirmed.

