190 So. 76

## Ex parte A. PAUL GOODALL REAL ESTATE & INS. CO.

## A. PAUL GOODALL REAL ESTATE & INS. CO. v. JACKSON SECURITIES & INVESTMENT CO.

### 6 Div. 514.

Supreme Court of Alabama.

June 8, 1939.

Rehearing Denied June 29, 1939.

W. H. Woolverton, of Birmingham, for respondent.

KNIGHT, Justice.

This is an original application for writ of mandamus, to be issued and directed to Hon. J. F. Thompson requiring him as "Presiding Judge" of the Circuit Court of Jefferson County to set aside a certain order or judgment made by him in that certain cause pending in said court, wherein the petitioner is plaintiff and the Jackson Securities and Investment Company is defendant. The order here sought to be reviewed is one in which the court refused to require the defendant in the above stated cause to answer certain interrogatories propounded to it by the plaintiff—petitioner here.

The petitioner, in its law action in the Circuit Court of Jefferson County, seeks to recover damages against the said Jackson Securities and Investment Company growing out of the alleged breach of a supersedeas bond, given by the said Jackson Securities and Investment Company on an appeal, taken by it to the Court of Appeals, from a judgment rendered in the said circuit court in favor of the petitioner.

It is averred in the complaint in the pending cause that the appeal was wrongful, and wrongful and malicious, and that by reason thereof the plaintiff suffered the damages claimed in the several counts of the complaint.

It appears that the said Jackson Securities and Investment Company was the garnishee in a certain cause lately pending in the Circuit Court of Jefferson County, and that a judgment had been rendered against it, as such garnishee, in favor of the petitioner in this proceedings. From that judgment the said garnishee duly appealed to the Court of Appeals, and in that court the judgment of the circuit court was in all respects affirmed. Jackson Securities & Investment Company v. A. Paul Goodall Real Estate & Ins. Co., 28 Ala.App. 339, 184 So. 344. The affirmance was entered on June 21, 1938, and rehearing was overruled on October 4, 1938. On November 19, 1938, the Jackson Securities and Investment Company paid the judgment, interest and costs, and also paid the statutory penalty as provided by Section 6153 of the Code. This is admitted by the petitioner.

The condition of the bond executed by the Jackson Securities and Investment Company on taking its appeal in the garnishment case, and which is now sued on, is: " * * * If the said Jackson Securities and Investment Company, a Corporation, Garnishee shall prosecute said appeal to effect, and shall satisfy such judgment both as to debt and cost, as the Court of Appeals may render in the premises, then the said obligation to be null and void, otherwise to remain in force and effect."

As above pointed out, on the affirmance of the judgment, the Jackson Securities and Investment Company paid promptly the judgment, interest and cost, and the statutory penalty; and the garnishment proceedings had been dismissed before the present action on the supersedeas bond was commenced. All of these facts appear in brief of petitioner and in the answer of the respondent judge. In short it fully appears that the conditions of the supersedeas bond now sued on had been met, satisfied and fully complied with by the Jackson Securities and Investment Company before the suit in which the order now sought to be set aside was begun. The bond was, therefore, fully discharged, and all liability of the obligors thereon was at an end before the present suit was commenced. The bond by its terms had become null and void.

The complaint filed by the petitioner on said bond wholly fails to state a cause of action against the defendant, and such being the case, the defendant was under no legal duty to make answers to any of the interrogatories propounded by the plaintiff to it under the provisions of Section 7764 et seq. of the Code. Ex parte Nolen, 223 Ala. 213, 135 So. 337. Consequently, the court properly refused to compel answers from the defendant to any of the interrogatories propounded to it. The answers, if made, would serve no useful purpose.

It results that the writ prayed for will be denied. It is so ordered. Let the petitioner pay the cost of these proceedings.

Writ denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.

On Rehearing.

KNIGHT, Justice.

It is insisted by petitioner in his application for rehearing that counts 2 and 3 of the complaint are based upon "a wrongful and malicious prosecution of an appeal."

If it be conceded, a concession which is not made, that counts 2 and 3 present a cause of action against the defendant, the court committed no error in declining to require the defendant to answer the interrogatories propounded to it, for the all sufficient reason that said interrogatories, as pointed out in the answer of the respondent Judge, "call for information (without exception) as to transactions between the said Jackson Securities & Investment Company and the said J. H. Vaughn (defendant in the garnishment proceedings), and in no wise relate to any issues involved in the suit at bar."

We concur in the conclusion of the respondent Judge that the interrogatories, therefore, called for testimony wholly irrelevant to the issues now attempted to be litigated in this suit.

Rehearing overruled.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.