The summary conviction of appellant is affirmed.

LUELLA PLATT, PETITIONER-APPELLANT, v. UNION NEWS COMPANY, RESPONDENT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued September 10, 1962—Decided September 27, 1962.

Before Judges CONFORD, GAULKIN and KILKENNY.

*Mr. Alan B. Handler* argued the cause for appellant (*Mr. Charles Handler,* attorney).

*Mr. Paul B. Thompson* argued the cause for respondent (*Mr. Vigdor D. Bernstein,* on the brief; *Mr. Frank J. Planer* and *Mr. Thompson,* of counsel; *Messrs. Lamb, Langan & Blake,* attorneys).

The opinion of the court was delivered by

KILKENNY, J. A. D.   Petitioner appeals from an order of the Essex County Court cancelling the obligation of a *supersedeas* bond filed by the respondent in connection with its appeal from a judgment of the County Court affirming an award by the Division of Workmen's Compensation.

The Division awarded petitioner, Luella Platt, dependency benefits aggregating $33,165.70 for herself and the six infant children of petitioner and her husband, Clarence, upon its determination that Clarence died of a heart attack on August 24, 1957 as the result of an accident on August 20, 1957 arising out of and during the course of his employment with respondent, Union News Company, a self-insured employer.

Union News Company appealed to the Essex County Court where the Division's judgment was affirmed.   On its further appeal to the Appellate Division, Union News Company filed, presumably pursuant to *R. R.* 1 :4–8(a), a *supersedeas* bond dated January 13, 1960, with National Surety Corporation as surety, in the sum of $71,791.40, double the award of dependency benefits and the fees and allowances.   This bond provided that if

"the said Union News Company shall satisfy the said judgment together with costs and interest thereon, if for any reason the said appeal is dismissed or the judgment is affirmed and shall satisfy in full any modification of said judgment and such costs, interest and damages as any appellate court may adjudge and award, then this obligation to be void, otherwise to remain in full force and effect."

On December 15, 1960 the Appellate Division affirmed the judgment of the County Court and awarded additional fees and costs. Thereafter, Union News Company filed a petition for certification to the Supreme Court but voluntarily withdrew its petition before it was acted upon.

On December 8, 1961 Union News Company moved before the Essex County Court for an order cancelling the aforementioned *supersedeas* bond, and its motion was granted by order dated December 15, 1961. The present appeal is from that order.

Mrs. Platt contends that the *supersedeas* bond was conditioned upon the satisfaction in full of the workmen's compensation judgment; that this judgment has not been satisfied in full because some of the benefits are payable *in futuro* and will extend until July 15, 1973, when decedent's youngest child will attain the age of 18; and that, therefore, it was error for the County Court to cancel the bond and respondent's obligation thereunder before the judgment has been fully paid.

It was conceded at oral argument that Union News Company had satisfied all of its obligations under the judgment up to the time of the order cancelling the *supersedeas* bond and even to the date of oral argument. There was no representation that Union News Company was other than a solvent, going concern regularly paying the current benefits due under the judgment. However, Mrs. Platt argues that the Union News Company may become insolvent before the judgment is satisfied in full, and for that reason the bond should not be cancelled prior to full satisfaction, because to do so would be in contravention of its expressed provisions.

If this were the usual civil action money judgment, affirmed on appeal, the judgment creditor would have a right to proceed with execution and also the right to sue on the *supersedeas* bond to obtain judgment thereon. Such a bond, written pursuant to the requirements of *R. R.* 1:4–8(a), so provides. But the workmen's compensation judgment herein is different from the ordinary money judgment at law in

that (1) it is in large measure prospective as to the payments to be made thereunder; and (2) changed circumstances, particularly in a dependency death case, as here, may diminish or eliminate some of the future payments. For example, the death of the widow, her remarriage, or the death of one or more of the dependent children will modify or terminate future benefits payable to them. *N. J. S. A.* 34:15–13(g). Therefore, we have a distinction between the ordinary civil action money judgment, all of which is due and payable when the appeal is taken and for which at that time there may be execution for the full amount, and the workmen's compensation judgment herein, as to which there may be execution at the time of the appeal only for the sums then due and payable and, at the time the judgment is affirmed, for payments accrued to that date.

"At common law a writ of error, without any security, was of itself a supersedeas of execution from the time of its allowance or recognition by the court to which it was directed. * * * But as writs of error came to be sued out for the purpose of delay, various acts of Parliament were passed, requiring security in certain cases, in order that the writ might operate as a supersedeas." 8 *Hughes, Federal Practice,* § 5531, *"Historical Development of Supersedeas Bond."*

*R. R.* 1:4–8 is the modern counterpart in our jurisdiction of these later acts of Parliament. The purpose of a *supersedeas* bond is to guarantee the judgment creditor that he will not be prejudiced by the stay of execution pending prosecution of the appeal.

*R. R.* 1:4–8(a) provides in part:

"When the judgment is for the recovery of money not otherwise secured, the amount of the bond shall be fixed at such sum as will cover the whole amount of the judgment remaining unsatisfied, costs on the appeal, or certification, and interest, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than a bond."

It seems to us that in the case of a workmen's compensation judgment calling for future payments, the amount of the

*supersedeas* bond should not exceed the payments accrued to the time of the appeal and those which may reasonably accrue to the time of termination of the appeal, plus interest and costs of the appeal. As to those items only can the judgment creditor be prejudiced by the stay of execution pending the appeal. The spirit of *R. R.* 1:4–8 is to guarantee the judgment creditor that the amount of the judgment "remaining unsatisfied" at the time of the appeal and its termination will be paid.

In this case, Mrs. Platt could get a satisfaction of her judgment at the conclusion of the appeal only to the extent of the workmen's compensation benefits which had accrued to that time. But it is conceded that all such benefits had then been paid. Therefore, the salutary purpose of the *supersedeas* bond in this case had been fulfilled.

Mrs. Platt's further contention is that, whether or not the bond in question complies with the underlying policy of *R. R.* 1:4–8, it must be viewed as a voluntary undertaking upon which the petitioner herein has relied; that the terms of the bond are not contrary to public policy or induced by fraud or duress, and consequently the bond must be construed and applied as written. There is no showing that Mrs. Platt has been prejudiced by her purported reliance upon the literal language of the bond. Since the *supersedeas* bond was filed by way of perfection of the appeal, the County Court which approved it originally may order its cancellation incidental to the winding up of the appeal upon being satisfied that its purpose under *R. R.* 1:4–8 has been attained.

For the foregoing reasons, the judgment is affirmed. No costs.