ADAMS, Justice.
Employers Insurance Company of Alabama (hereinafter “Employers”) appeals from a summary judgment in favor of the defendant-appellee, American Liberty Insurance Company (hereinafter “American”). We reverse.
Employers, a workmen’s compensation insurer, appealed two judgments entered against one of its insureds in favor of two injured employee claimants. One judgment required a lump sum payment of $14,-352.08, representing accrued disability payments, and an additional bi-weekly payment of $211.06 for the remainder of the claimant’s permanent total disability. The other judgment required a $5,032.00 lump sum payment for accrued benefits and weekly payments of $136.00 for the remainder of the scheduled period of 300 weeks.
In order to stay the execution of the judgments pending appeal of the two cases to the Court of Civil Appeals, Employers, as principal, executed two supersedeas bonds wherein American agreed to act as surety. Both bonds provided:
[T]he conditions of the foregoing obligation is [sic] such that if Appellant shall prosecute this appeal to effect, and satisfy such judgment, penalties, costs, including costs of the appeal as may be rendered in this case, then the said obligation be null and void, otherwise to remain in full force and effect.
The Court of Civil Appeals subsequently affirmed both judgments, ordering that “appellant and sureties on the supersedeas bond, pay the amount of the judgment in the Court below and 10% damages thereon and interest and the costs of appeal in the Court below.”
On December 16, 1981, Employers made to one of the claimants a lump sum payment that represented accrued workmen’s compensation benefits, attorneys’ fees, interest, and the affirmance penalty due at the time of affirmance by the Court of Civil Appeals. A similar payment was made to the other claimant on July 6, 1982. After the above payments were made, American sought a renewal premium for each bond, but Employers did not make the required renewal premium payments.
American filed an action against Employers on each bond, seeking a declaration that it was under a duty to keep the bonds in full force and effect and that Employers was liable for the annual renewal premium thereon. The trial court granted summary judgment for American, holding that the bonds were in full force and effect “until the decrees of the circuit courts have been fully complied with by payment of all sums due at date of affirmance and all sums to *1041 become due thereunder,” and that Employers was obligated to pay the annual premiums “reduced each premium year based upon the amount of its liability after reduction of the payments made on the circuit court judgments.” Employers appealed.
American contends that Employers failed to satisfy the condition in the bonds that it prosecute the appeal to effect and satisfy such judgment, penalties, and costs rendered in the case and, therefore, that the bonds remain in full force and effect, with American entitled to premiums for its continued liability thereunder. American argues in brief:
The general rule is that a condition in a supersedeas bond requiring an appellant to prosecute an appeal “to effect” means more than a mere prosecution of the appeal to a final determination. The condition requires the appellant to . obtain a determination in his favor. In other words, the appellant must prosecute the appeal with success and if the judgment is affirmed by the appellate court, the appeal has not been prosecuted to effect. Annot., 163 A.L.R. 407, 414 (1946).
The Alabama Supreme Court in Babcock v. Carter, 117 Ala. 575, 23 So. 487 (1898), adopted the aforementioned general rule.
[[Image here]]
When the Alabama Court of Civil Appeals ... affirmed the trial court’s decision, the conditions requiring appellants to prosecute the appeals to effect were breached. The breach of these conditions ripened American Liberty’s obligation for satisfaction of the judgment ... into absolute liability.
Employers makes the argument that American Liberty would not be obligated on the bond if Employers had paid the total amount of the judgment following its failure to prosecute to effect the appeal. American Liberty is in full agreement with this position; however, in the case at bar, the total judgment has not been paid, rendering American Liberty’s obligation to satisfy the total judgment absolute according to the terms of the bonds and the Certificates of Judgment entered by the Alabama Court of Civil Appeals.
Employers argues that in the context of a workmen’s compensation case involving future payments for an uncertain period of time, the condition in the bonds that it “satisfy such judgment” has been satisfied upon its payment of workmen’s compensation benefits, attorneys’ fees, interest, and affirmance penalties accrued up to the time of affirmance of the judgment of the lower court by the Court of Civil Appeals, and, therefore, that American’s obligation as surety for the payment of the judgment has likewise been satisfied.
We are of the opinion that, as a matter of law, the conditions of the super-sedeas bond in the instant case have been satisfied; therefore, American’s liability as surety has been discharged and its claim for additional premium payments from Employers is precluded.
The purpose of the supersedeas bond is to maintain the status quo between the parties pending an appeal. It insures that the party who has obtained a judgment will not be prejudiced by a stay of execution of the judgment pending the final determination of an appeal. Spriggs Enterprises, Inc. v. Gulf Oil Corp., 376 So.2d 1088 (Ala.1979).
It is questionable whether the law regarding the satisfaction of the condition that the appellant “prosecute this appeal to effect,” remains as it was once stated by this Court in Babcock v. Carter, 117 Ala. 575, 23 So. 487 (1898). This Court in Ex parte A. Paul Goodall Real Estate & Ins. Co., 238 Ala. 272, 190 So. 76 (1939), held that such a condition in a supersedeas bond was satisfied even though the lower court’s judgment against the appellant was affirmed on appeal. However, resolution of this issue is not essential in the present case, inasmuch as both parties agree that American would no longer be obligated on the bond if the entire judgment were paid following Employers’ unsuccessful appeal.
*1042 Thus, the issue becomes whether, under the facts of this case, Employers has discharged the condition of the bonds to “satisfy such judgment" by payment of that portion of the judgment accrued at the time of affirmance of the lower court judgment by the Court of Civil Appeals.
Summary judgment may be granted only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ala.R.Civ.P. 56. We are of the opinion that the trial court erred in granting summary judgment. We hold, as a matter of law, that a condition within a supersedeas bond requiring satisfaction of a judgment by the appellant in a workmen’s compensation case, wherein the judgment includes amounts to be paid in future installments, is satisfied by the appellant’s payment of so much of the judgment that represents workmen's compensation payments, interest, costs, and affirmance penalties accrued up to the time of termination of the appeal. When faced with the identical issue presented here, the Court in Platt v. Union News Co., 76 N.J.Super. 340, 184 A.2d 536 (1962), reached the same result. We concur with the analysis of the court in Platt:
Mrs. Platt contends that the superse-deas bond was conditioned upon the satisfaction in full of the workmen’s compensation judgment; that this judgment has not been satisfied in full because some of the benefits are payable in futu-ro and will extend until July 15, 1973, when decedent’s youngest child will attain the age of 18; and that, therefore, it was error for the County Court to cancel the bond and respondent’s obligation thereunder before the judgment has been fully paid.
[[Image here]]
If this were the usual civil action money judgment, affirmed on appeal, the judgment creditor would have a right to proceed with execution and also the right to sue on the supresedeas bond to obtain judgment thereon. Such a bond, written pursuant to the requirements of R.R. l:4-8(a), so provides. But the workmen’s compensation judgment herein is different from the ordinary money judgment at law in that (1) it is in large measure prospective as to the payments to be made thereunder; and (2) changed circumstances, particularly in a dependency death case, as here, may diminish or eliminate some of the future payments _ Therefore, we have a distinction between the ordinary civil action money judgment, all of which is due and payable when the appeal is taken and for which at that time there may be execution for the full amount, and the workmen’s compensation judgment herein, as to which there may be execution at the time of the appeal only for the sums then due and payable and, at the time the judgment is affirmed, for payments accrued to that date.
[[Image here]]
It seems to us that in the case of a workmen’s compensation judgment calling for future payments, the amount of the supersedeas bond should not exceed the payments accrued to the time of the appeal and those which may reasonably accrue to the time of termination of the appeal, plus interest and costs of the appeal. As to those items only can the judgment creditor be prejudiced by the stay of execution pending the appeal. The spirit of R.R. 1:4-8 is to guarantee the judgment creditor that the amount of the judgment “remaining unsatisfied” at the time of the appeal and its termination will be paid.
In this case, Mrs. Platt could get a satisfaction of her judgment at the conclusion of the appeal only to the extent of the workmen’s compensation benefits which had accrued to that time. But it is conceded that all such benefits had then been paid. Therefore, the salutary purpose of the supersedeas bond in this case had been fulfilled.
76 NJ.Super. at 344-45, 184 A.2d at 538-39.
We are also of the opinion that, in addition to the rationale espoused in Platt, poli *1043 cy considerations militate against American’s position. Employers voices a legitimate concern that, if American’s contention were adopted in this case, workmen’s compensation claimants would be given the benefit of having a second party from which to recover a judgment in all cases in which the employer appeals and loses. Also, Employers says, workmen’s compensation insurers would be forced to pay all judgments in lump sum if their appeals were unsuccessful, or else pay renewal premiums for the duration of claimant’s receipt of installment payments. We agree with Employers that such a result would place additional financial burdens upon workmen’s compensation carriers and would have a chilling effect on the appeal of workmen’s compensation judgments. Such a result does not comport with the intent of the workmen’s compensation law.
. The summary judgment is reversed and the case is remanded for the entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.