SHORES, Justice.
T.R. Bell sued to determine whether he had any obligation to First Federal Savings and Loan Association of Sylacauga (“First Federal”) under a letter of credit. First Federal appeals from a summary judgment for Bell declaring that he had no obligation. We affirm.
The genesis of the controversy is a su-persedeas bond posted in another case, Butner v. Deupree, CV-85-1000061, Talladega Circuit Court. In that case, Deu-pree had suffered a judgment against him. He requested that First Federal issue a letter of credit to the court to support his bond. First Federal approved a loan to Deupree and his brother in the amount of $99,000 and issued a letter of credit.
However, the register of the circuit court was hesitant to accept the letter of credit. When First Federal learned that the acceptability of the appeal bond and the letter of credit were being questioned by the court, the bank asked Bell, who had been the Bank’s lawyer for 40 years, to attend the court hearings to assure the acceptance of First Federal’s letter of credit. When the letter was again challenged, Bell signed the supersedeas bond. First Federal then confirmed its loan to Deupree by reissuing its letter of credit, with Bell as bond surety, and took a note from Deupree, to whom it looked for repayment.
When the judgment against Deupree was affirmed by this Court, the register of the circuit court made a demand for payment on First Federal. First Federal paid its letter of credit in the amount of $93,816.58. On March 17,1988, Bell attended a meeting of the executive committee of First Federal; that meeting was presided over by a new chief executive officer of First Federal. At that meeting, the new CEO demanded that Bell personally pay the supersedeas bond and the letter of credit. Bell refused and left the meeting.
Bell sued for a judgment declaring that he was not liable to pay First Federal. First Federal answered and counterclaimed, asserting a theory of subrogation. Both parties moved for summary judgment. The trial judge entered a summary judgment for Bell, in the following order:
“The Court has carefully considered the pleadings, proof and argument of counsel in this matter. At issue is whether the Plaintiff, T.R. Bell, (hereinafter ‘Bell’), is obligated to pay Defendant, First Federal Savings and Loan Association (hereinafter ‘First Federal’) an amount, or a portion thereof, which First Federal paid to the Register of Talladega County as a result of First Federal having issued a letter of credit to said Register of Court for payment of a Judgment and costs in Talladega Circuit Court Case Number CV-85-1000061. The Court considers only those documents, pleadings, evidence and argument which were submitted in a timely manner in connection with the Summary Judgment motions pending as of October 2, 1991.
“The parties are in agreement that the intent of the parties with respect to any *941 obligation Bell may have to pay can only be proved or inferred through the documents admitted and legal testimony submitted for the Court’s consideration. Whether these documents and admissible proof can establish an obligation for Bell to pay is a matter of law.
“From a careful examination of the pleadings and proof in this matter, it is undisputed that there is no written, oral, express or implied contract between Bell and First Federal which would create an obligation for Bell to repay First Federal. The Court concludes that Bell does not have a statutory or legal duty to pay First Federal. Thus, Plaintiff is entitled to Judgment as a matter of law.
“Accordingly, Judgment is hereby entered in favor of Bell and against First Federal on all issues before the Court as of the date of the hearing of Plaintiffs motion. First Federal’s motion for Summary Judgment on its Counterclaim, as presented on the date of the hearing of this motion, is DENIED.
“DONE and ORDERED this 27th day of November, 1991.
“/s/ John E. Rochester
“Circuit Judge, Specially Sitting”
We have carefully considered the record in this case and conclude that the judgment of the trial court is due to be affirmed. Rule 56, A.R.Civ.P., sets forth a two-tiered standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc., 475 So.2d 539, 541 (Ala.1985); Ryan v. Charles Townsend Ford, Inc., 409 So.2d 784 (Ala.1981). Rule 56 is read in conjunction with the “substantial evidence rule” (§ 12-21-12, Alabama Code 1975), for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). In order to defeat a properly supported motion for summary judgment, the plaintiff must present “substantial evidence,” i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.”
The record in this case supports the trial judge’s findings that there was no written, oral, express, or implied contract between Bell and First Federal that would give Bell an obligation to pay First Federal.[1] The evidence reflects that the judgment was against Deupree as principal. First Federal issued its letters of credit to the register of the Circuit Court of Talladega County on behalf of the principal, Deupree. When the acceptability of the supersedeas bond was questioned, Bell signed it as surety for Deupree. First Federal confirmed its liability by reissuing its letter of credit. When the judgment against Deupree was affirmed at the appellate level, the letter of credit was called by the court and was paid by First Federal. Once the judgment was paid, the supersedeas bond was null and void. Ex parte A. Paul Goodall Real Estate & Ins. Co., 238 Ala. 272, 190 So. 76 (1939). Thus, Bell had no legal duty, statutory or otherwise, to pay First Federal, and he was entitled to a judgment as a matter of law.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.

. We reject First Federal’s claim against Bell under a theory of subrogation. See 83 CJ.S. Subrogation § 8, § 38 (1953).